Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc., and*
*WowWee USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., and WOWWEE USA, INC., *Plaintiffs*<br><br>v.<br><br>AAIWA ELECTRONIC TECHNOLOGY CO., LTD., ABCDEFGH STORE, ACESPOWER, ALLWESOME STORE, ANTHNOY'S INTERNATIONAL TRADE, A.K.A. ANTONY INTERNATIONAL TRADE, BABY LOVINY STORE, BAY KITCHENWARES STORE, BEIJING FULIO TECH AND TRADING CO., LTD. A/K/A FULIO, BOOKFONG DOUDOU STORE, BUSTRIEND STORE, HCY SCIENCE AND TECHNOLOGY LTD. A/K/A HCY BONG HIGH CLUB, CIXI CITY MAYEE ELECTRIC APPLIANCE CO., LTD., DAVIDHE STORE, DONGGUAN EREALER ELECTRONIC TECHNOLOGY CO., LTD. A/K/A EREALER INDUSTRIAL (HONGKONG) CO., LIMITED, DONGGUAN INGLEBY MECHANICAL EQUIPMENT CO., LTD , DONGGUAN MUSHANG SILICONE&PLASTIC PRODUCTS CO., LTD., DONGGUAN SEORY DECO CO., | CIVIL ACTION No. ___<br><br><br><br>**COMPLAINT**<br><br>**Jury Trial Requested**<br><br>**FILED UNDER SEAL** |

LTD. , DONGGUAN YUYANG MUSICAL INSTRUMENT CO., LTD. A/K/A MAGNA UKELELE GUITAR, E_SHOP2008 A/K/A SHEN ZHEN, EBUY360 OUTLET STORE, ECIGMOD, EDC HAND SPIN STORE, EIFFELBRIDE, FIDGET SPINNERS STORE, FINGER_MONKEY_DHGATE, FUZHOU JOINTOP IMP. & EXP. CO., LTD. A/K/A JOINTOP, GUANGZHOU HANG SHENG TECHNOLOGY CO., LTD. , GUNTOY STORE, HEFEI SUNHOPE TRADE CO., LIMITED, HONG JING BUSINESS, HT BOUTIQUE TOY STORE, JINJIANG HUIHAO HARDWARE CO., LTD. A/K/A JINJIANG HUIHAO HARDWARE PLASTIC HANDICRAFT CO., LTD., JOA STORE, KID&LOVE STORE A/K/A KIDS & LOVE , KUAILEMENG'S TOY WORLD STORE, KYSHADOW A/K/A CRYSTAL KYSHADOW, LEADINGSTAR RC TOY STORE, LM TOY STORE, MAGIC_PARADISE, MY TOY WORLD, NANJING BABYTOP INTERNATIONAL TRADING CO., LTD., NINGBO TOPTEN INDUSTRY CO., LTD., ONLINE STORE 236134, OUTDOORCLUBS, PETREL GOO, PLEASURE SHOPPING BLOCKS TOY STORE, QINGDAO CLUNT BEARING CO., LTD., SAMANTHALEE STORE, SESAME TOY STORE, SHAANXI KEYSUN BIO-TECH CO., LTD. A/K/A KAI CHENG INDUSTRIAL CO., LIMITED, SHANGHAI RONDY TOYS CO., LTD., SHANGHAI2010, SHANTOU CHENGHAI GUANGYI MEIJIN PLASTIC TOYS FACTORY, SHENZHEN AIDAR TRADING CO., LTD., SHENZHEN ANTHOME TECHNOLOGY CO., LTD., SHENZHEN ARES TECHNOLOGY LIMITED, SHENZHEN ASPERO TECHNOLOGY CO., LTD., SHENZHEN ATOY TECHNOLOGY CO., LTD., SHENZHEN BAIYI TECHNOLOGY CO., LTD., SHENZHEN BAOLIFENG OPTO-ELEC CO., LTD., SHENZHEN BETTER NEW GIFT DESIGN DEPT. A/K/A SZ BETTER LIMITED, SHENZHEN BO XIN RONG TECHNOLOGY CO., LTD., SHENZHEN BOLT INNOVATION TECHNOLOGY CO., LTD.,

SHENZHEN CHUNBELL ELECTRONIC CO., LTD., SHENZHEN CITY SYART TRADE COMPANY LTD., SHENZHEN CO-FRIENDSHIP TRADING CO., LTD., SHENZHEN DST TECH CO., LTD., SHENZHEN EASYSMOKS TECHNOLOGY CO., LTD., SHENZHEN EUNION TECHNOLOGY CO., LTD., SHENZHEN FAVORITE TECHNOLOGY CO., LTD., SHENZHEN FIRE-WOLF ELECTRONICS CO., LTD., SHENZHEN FIVE STAR TRADING CO., LTD., SHENZHEN GARUDA TECHNOLOGY LIMITED A/K/A GARUDA GROUP , SHENZHEN GDC TILLWELL TECHNOLOGY LTD., SHENZHEN GOLD COST TECHNOLOGY CO., LTD., SHENZHEN GOOKY TECHNOLOGY CO., LTD., SHENZHEN GOWELL TECHNOLOGY CO., LTD. (G-WIRELESS), SHENZHEN HANBETER TECHNOLOGY CO., LTD. , SHENZHEN HENGFULONG TECHNOLOGY CO., LTD., SHENZHEN HI FORTUNE TECHNOLOGY CO., LTD., SHENZHEN HIPER SONG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN HLS ELECTRONIC TECHNOLOGY LIMITED, SHENZHEN HONGTAIDINGYE ELECTRONICS CO., LTD. , SHENZHEN ISM TECHNOLOGY CO., LTD., SHENZHEN IWELLGLOBAL TECHNOLOGY CO., LTD., SHENZHEN JIEDAKE TECHNOLOGY CO., LTD., SHENZHEN JIJIALASI INDUSTRIAL CO., LTD., SHENZHEN JINGXIN SCIENCE&TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN JINPIN BALANCE TECHNOLOGY CO., LTD, SHENZHEN JOYSTAR ELECTRONICS CO., LTD., SHENZHEN JUTUO SUPPLY CHAIN CO., LTD., SHENZHEN JXK TECHNOLOGY CO., LTD, SHENZHEN KAREN M ELECTRONICS CO., LTD., SHENZHEN KARISIN IMPORT&EXPORT CO., LTD., SHENZHEN KINGSWAY TECHNOLOGY CO., LTD. , SHENZHEN KISN TECHNOLOGY CO., LIMITED., SHENZHEN LANYOS INTELLIGENT TECHNOLOGY CO.,LTD,

SHENZHEN LCOSE ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN LEADINGPLUS ELECTRONIC CO., LTD., SHENZHEN LEYI INDUSTRIAL CO., LTD., SHENZHEN LIPENGDA CULTURAL GIFT CO., LTD., SHENZHEN LISTING TECHNOLOGY CO., LTD., SHENZHEN LONG SHENG CENTURY TECHNOLOGY CO., LTD., SHENZHEN MYTASTE RJX HARDWARE CO., LTD, SHENZHEN NAVATA TECHNOLOGY CO., LTD., SHENZHEN NEW IMAGE TECHNOLOGY CO., LTD , SHENZHEN OREBO TECHNOLOGIES LTD., SHENZHEN ORHONG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN QIO TECHNOLOGY CO., LTD., SHENZHEN QUEST TECHNOLOGY CO., LTD., SHENZHEN SHENYUAN TECH CO., LTD., SHENZHEN SKYVIEW TECHNOLOGY LIMITED, SHENZHEN SMOFIT TECHNOLOGY CO., LTD., SHENZHEN SPDAK TECHNOLOGY COMPANY LIMITED, SHENZHEN SPRI TECHNOLOGY CO., LTD., SHENZHEN SUNFIRE TECHNOLOGY CO., LTD., SHENZHEN TECHNOLI TECHNOLOGY CO., LTD., SHENZHEN USMART ELECTRONICS TECHNOLOGY CO., LTD. , SHENZHEN VCEEGO TECHNOLOGY CO., LTD., SHENZHEN VFOCUS ELECTRONIC TECHNOLOGY R&D CO., LTD., SHENZHEN V-VISION TECHNOLOGY CO., LTD., SHENZHEN WELLCORE TECHNOLOGY CO., LTD., SHENZHEN WOW GIFT CO., LTD., SHENZHEN XINGAOSHENG TECHNOLOGY CO., LTD., SHENZHEN XINHAOYUAN TECHNOLOGY CO., LTD. SHENZHEN XZD TECHNOLOGY CO., LTD., SHENZHEN YUWAY TECHNOLOGY CO., LTD. , SHENZHEN Z-COOL TIMES TECHNOLOGY CO., LTD., SHENZHEN ZMART TECHNOLOGY CO., LTD., SHENZHEN ZOOMING ELECTRONIC CO., LTD., AIPIN STORE, SHOP2949193 STORE, SHOP319037 STORE, STEPHAN STORE STORE, HONG KONG SUPERFAST

TECHNOLOGY CO. LTD. A/K/A
SUPERFAST, SUPERGLOBAL, SUZHOU LN
PROMO CO., LTD., SUZHOU
SWEETDRESSES WEDDINGDRESS CO. LTD.
A/K/A SWEETDRESSES, SHENZHEN CITY
POLY HUI FOREIGN TRADE CO., LTD.
A/K/A SZ_ST_LUO, SZALONE1, TEEM
TECHNOLOGY CO., LTD. A/K/A SQUISHIES
THEA STORE, TUKIIE STORE, TUMI
OFFICIAL STORE, TUMIPETLIFE STORE,
XIAMEN JIAYIKANG ENVIRONMENTAL
TECHNOLOGY CO., LTD., XIAMEN
WINDSAIL, OUTDOOR GEAR & SPORTING
GOODS CO., LTD., SHENZHEN BITIAN
TECHNOLOGY LTD., XQBOSS STORE,
YIWU BRIOSTA APPARELS FACTORY,
YIWU CONA SPORTS CO., LTD., YIWU ECO
BAOYU E-BUSINESS FIRM, YIWU GREEN
SHINE ARTS & CRAFTS CO., LTD. , YIWU
GREEN SHINE GIFTS AND TOYS CO., LTD.,
YIWU HUI ZHE TRADING CO., LTD., YIWU
KUOTAI TRADING CO., LTD., YIWU
RUIMIAN E-COMMERCE TRADING FIRM,
AND ZHIMEI ONLINE A/K/A
ZHIYUANWEDDING,
*Defendants*

Plaintiff WowWee Group Limited, a company organized in Hong Kong, Plaintiff
WowWee Canada, Inc., a company organized in Canada, and Plaintiff WowWee USA, Inc., a
Delaware corporation ("WowWee" or "Plaintiffs"), by and through their undersigned counsel,
allege as follows:

## **NATURE OF THE ACTION**

1.    This action involves claims for trademark infringement of WowWee's
federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15
U.S.C. §§ 1051 *et seq*.; counterfeiting of WowWee's federally registered trademarks in violation
of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c);; false designation of origin, passing

off, and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); trademark infringement of WowWee's unregistered trademark in violation of 15 U.S.C. §1125; copyright infringement of WowWee's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; and related state and common law claims (the "Action"), arising from the infringement of WowWee's Fingerlings Marks (as defined *infra*) and/or Fingerlings Works (as defined *infra*) arising from Defendants Aaiwa Electronic Technology Co.,Ltd, AbcdeFgH Store, Acespower, Allwesome Store, Anthnoy's International Trade, a.k.a. Antony International Trade, baby loviny Store, Bay Kitchenwares Store, Beijing Fulio Tech And Trading Co., Ltd. a/k/a Fulio, BOOKFONG DOUDOU Store, Bustriend Store, HCY Science and Technology Ltd. a/k/a HCY bong High Club, Cixi City Mayee Electric Appliance Co., Ltd., Davidhe Store, Dongguan Erealer Electronic Technology Co., Ltd. a/k/a Erealer Industrial (Hongkong) Co., Limited, Dongguan Ingleby Mechanical Equipment Co., Ltd , Dongguan MuShang Silicone&Plastic Products Co., Ltd., Dongguan Seory Deco Co., Ltd. , Dongguan Yuyang Musical Instrument Co., Ltd. a/k/a Magna Ukelele Guitar, E_shop2008 a/k/a shen zhen, Ebuy360 Outlet Store, ecigmod, EDC Hand Spin Store, Eiffelbride, Fidget Spinners Store, Finger_monkey_dhgate, Fuzhou Jointop Imp. & Exp. Co., Ltd. a/k/a Jointop, Guangzhou Hang Sheng Technology Co., Ltd. , Guntoy Store, Hefei Sunhope Trade Co., Limited, Hong Jing Business, HT Boutique Toy Store, Jinjiang Huihao Hardware Co., Ltd. a/k/a Jinjiang Huihao Hardware Plastic Handicraft Co., Ltd., Joa Store, kid&Love Store a/k/a Kids & Love , KUAILEMENG'S TOY WORLD Store, kyshadow a/k/a Crystal Kyshadow, LeadingStar RC Toy Store, LM TOY Store, Magic_paradise, My toy world, Nanjing Babytop International Trading Co., Ltd., Ningbo Topten Industry Co., Ltd., Online Store 236134, outdoorclubs, Petrel Goo, pleasure shopping blocks toy Store, Qingdao Clunt Bearing

6

Co., Ltd., SamanthaLee Store, Sesame TOY Store, Shaanxi Keysun Bio-Tech Co., Ltd. a/k/a Kai Cheng Industrial Co., Limited, Shanghai Rondy Toys Co., Ltd., shanghai2010, Shantou Chenghai Guangyi Meijin Plastic Toys Factory, Shenzhen Aidar Trading Co., Ltd., Shenzhen Anthome Technology Co., Ltd., Shenzhen Ares Technology Limited, Shenzhen Aspero Technology Co., Ltd., Shenzhen ATOY Technology Co., Ltd., Shenzhen BAIYI Technology Co., Ltd., Shenzhen Baolifeng Opto-Elec Co., Ltd., Shenzhen Better New Gift Design Dept. a/k/a SZ Better Limited, Shenzhen Bo Xin Rong Technology Co., Ltd., Shenzhen Bolt Innovation Technology Co., Ltd., Shenzhen Chunbell Electronic Co., Ltd., Shenzhen City Syart Trade Company Ltd., Shenzhen Co-Friendship Trading Co., Ltd., Shenzhen Dst Tech Co., Ltd., Shenzhen Easysmoks Technology Co., Ltd., Shenzhen Eunion Technology Co., Ltd., Shenzhen Favorite Technology Co., Ltd., Shenzhen Fire-Wolf Electronics Co., Ltd., Shenzhen Five Star Trading Co., Ltd., Shenzhen Garuda Technology Limited a/k/a Garuda Group , Shenzhen GDC Tillwell Technology Ltd., Shenzhen Gold Cost Technology Co., Ltd., Shenzhen Gooky Technology Co., Ltd., Shenzhen Gowell Technology Co., Ltd. (G-Wireless), Shenzhen Hanbeter Technology Co., Ltd. , Shenzhen Hengfulong Technology Co., Ltd., Shenzhen Hi Fortune Technology Co., Ltd., Shenzhen Hiper Song Electronic Technology Co., Ltd., Shenzhen HLS Electronic Technology Limited, Shenzhen Hongtaidingye Electronics Co., Ltd. , Shenzhen ISM Technology Co., Ltd., Shenzhen Iwellglobal Technology Co., Ltd., Shenzhen Jiedake Technology Co., Ltd., Shenzhen Jijialasi Industrial Co., Ltd., Shenzhen Jingxin Science&Technology Development Co., Ltd., Shenzhen Jinpin Balance Technology Co., Ltd, Shenzhen Joystar Electronics Co., Ltd., Shenzhen Jutuo Supply Chain Co., Ltd., Shenzhen JXK Technology Co., Ltd, Shenzhen Karen M Electronics Co., Ltd., Shenzhen KaRiSin Import&Export Co., Ltd., Shenzhen Kingsway Technology Co., Ltd. , Shenzhen KISN

Technology Co., Limited., Shenzhen Lanyos Intelligent Technology Co.,Ltd, Shenzhen Lcose Electronic Technology Co., Ltd., Shenzhen Leadingplus Electronic Co., Ltd., Shenzhen Leyi Industrial Co., Ltd., Shenzhen Lipengda Cultural Gift Co., Ltd., Shenzhen Listing Technology Co., Ltd., Shenzhen Long Sheng Century Technology Co., Ltd., Shenzhen Mytaste RJX Hardware Co., Ltd, Shenzhen Navata Technology Co., Ltd., Shenzhen New Image Technology Co., Ltd , Shenzhen Orebo Technologies Ltd., ShenZhen OrHong Electronic Technology Co., Ltd., Shenzhen Qio Technology Co., Ltd., Shenzhen Quest Technology Co., Ltd., Shenzhen Shenyuan Tech Co., Ltd., Shenzhen Skyview Technology Limited, Shenzhen Smofit Technology Co., Ltd., Shenzhen Spdak Technology Company Limited, Shenzhen Spri Technology Co., Ltd., Shenzhen Sunfire Technology Co., Ltd., Shenzhen Technoli Technology Co., Ltd., Shenzhen Usmart Electronics Technology Co., Ltd. , Shenzhen VCEEGO Technology Co., Ltd., Shenzhen Vfocus Electronic Technology R&d Co., Ltd., Shenzhen V-Vision Technology Co., Ltd., Shenzhen Wellcore Technology Co., Ltd., Shenzhen Wow Gift Co., Ltd., Shenzhen Xingaosheng Technology Co., Ltd., Shenzhen Xinhaoyuan Technology Co., Ltd., Shenzhen XZD Technology Co., Ltd., Shenzhen Yuway Technology Co., Ltd. , Shenzhen Z-Cool Times Technology Co., Ltd., Shenzhen Zmart Technology Co., Ltd., Shenzhen Zooming Electronic Co., Ltd., AIPIN Store, Shop2949193 Store, Shop319037 Store, Stephan Store Store, Hong Kong Superfast Technology Co. Ltd. a/k/a Superfast, Superglobal, Suzhou Ln Promo Co., Ltd., Suzhou sweetdresses Weddingdress Co. Ltd. a/k/a sweetdresses, Shenzhen City Poly Hui Foreign Trade Co., Ltd. a/k/a Sz_st_luo, Szalone1, Teem Technology Co., Ltd. a/k/a Squishies Thea Store, TuKIIE Store, TUMI Official Store, TUMIpetlife Store, Xiamen Jiayikang Environmental Technology Co., Ltd., Xiamen Windsail, Outdoor Gear & Sporting Goods Co., Ltd., Shenzhen Bitian Technology Ltd., XQboss Store, Yiwu Briosta Apparels Factory, Yiwu

Cona Sports Co., Ltd., Yiwu Eco Baoyu E-Business Firm, Yiwu Green Shine Arts & Crafts Co., Ltd. , Yiwu Green Shine Gifts And Toys Co., Ltd., Yiwu Hui Zhe Trading Co., Ltd., Yiwu Kuotai Trading Co., Ltd., Yiwu Ruimian E-Commerce Trading Firm, and Zhimei Online a/k/a Zhiyuanwedding (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of WowWee's Fingerlings Works (as defined *infra*) and Fingerlings Marks (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of WowWee's Fingerlings Products (as defined *infra*).

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact, and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district, and/or

otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to WowWee in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.  Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through Defendants' user accounts and/or online storefronts on the Digital Marketplaces (as defined *infra* and hereinafter collectively referred to as "Storefronts") through which consumers in the U.S., including New York, can view Defendants' Storefronts, communicate with Defendants regarding their listings for Infringing Products (as defined *infra*) and place orders for, receive invoices for, and purchase Infringing Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.  Upon information and belief, Defendants are sophisticated sellers operating commercial businesses through their respective Storefronts by offering for sale and/or selling Infringing Products in wholesale quantities at well below market prices to consumers worldwide, including to consumers in the U.S., and specifically in New York.

c.  Upon information and belief, a majority of Defendants' Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S., which make up significant percentages of Defendants'

total revenues (which are estimated, in several cases, to be in the millions of dollars).

d.   Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.   Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Infringing Products.

f.   Upon information and belief, Defendants are aware of WowWee, its Fingerlings Products, Fingerlings Works, and Fingerlings Marks and are aware that their infringing actions, alleged herein, are likely to cause injury to WowWee in the U.S., in New York, and in this judicial district specifically, as WowWee conducts substantial business in New York.

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

## THE PARTIES

5.      Plaintiff WowWee Group Limited in a company organized in Hong Kong with a principal place of business at Energy Plaza, 3F, 92 Granville Road, T.S.T. East, Hong Kong.

6.      Plaintiff WowWee Canada, Inc. is a Canadian corporation with a principal place of business at 3700 Saint Patrick, Suite 206, Montreal, Quebec H4E 1A2, Canada.

7.      Plaintiff WowWee USA, Inc. is a Delaware corporation with a registered office at 7855 Fay Avenue, Suite 310, La Jolla, California 92037.

8.      Upon information and belief, Defendant Aaiwa Electronic Technology Co.,Ltd. is a merchant on AliExpress.com, at https://www.aliexpress.com/store/1918859/, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

9.      Upon information and belief, Defendant AbcdeFgH Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2837091, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

10.     Upon information and belief, Defendant Acespower is a merchant on DHgate.com, at https://www.dhgate.com/store/20191301, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

11.     Upon information and belief, Defendant Allwesome Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2881366, where it offers for sale and/or sells Infringing Products with a principal place of business in Fujian, China (Mainland).

12.     Upon information and belief, Defendant Anthnoy's International Trade, a/k/a Antony International Trade is a merchant on AliExpress.com, at https://toysworld.aliexpress.com/store/1901459, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

13.     Upon information and belief, Defendant baby loviny Store is a merchant selling on AliExpress.com, at https://www.aliexpress.com/store/2937078, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

14.     Upon information and belief, Defendant Bay Kitchenwares Store is a merchant selling on AliExpress.com, at https://www.aliexpress.com/store/2906308, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

15.     Upon information and belief, Defendant Beijing Fulio Tech And Trading Co., Ltd. a/k/a Fulio is a merchant selling on Alibaba.com, at https://fulio.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 8-8-103, (Beijing Jingkong Aluminium Alloy Factory) Sanjanfang Village, Zhangjiawan Town, Tongzhou Dist., Beijing, China (Mainland).

16.     Upon information and belief, Defendant BOOKFONG DOUDOU Store is a merchant on AliExpress.com, https://bookfongdoudou.aliexpress.com/store/531634, where is offers for sale and/or sells Infringing Products with a principal place of business in Jiangsu, China (Mainland).

17.     Upon information and belief, Defendant Bustriend Store is a merchant on AliExpress.com, at https://bustriend.aliexpress.com/store/632852, where it offers for sale and/or sells Infringing Products with a principal place of business in Guizhou, China (Mainland).

18.     Upon information and belief, Defendant HCY Science and Technology Ltd.a/k/a HCY Bong High Club is a merchant on DHagte.com, at https://www.dhgate.com/store/20078384, where it offers for sale and/or sells Infringing Products with a principal place of business in Hebei, China (Mainland).

19.     Upon information and belief, Defendant Cixi City Mayee Electric Appliance Co., Ltd. is a merchant on Alibaba.com, at https://tvshop.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 508, Xingye North Road, Zhouxiang Town, Cixi, Zhejiang, China (Mainland).

20.     Upon information and belief, Defendant Davidhe Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/3139058, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

21.     Upon information and belief, Defendant Dongguan Erealer Electronic Technology Co., Ltd. a/k/a Erealer Industrial (Hong Kong) Co. limited is a merchant on Alibaba.com, at https://erealer.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 1st Floor, Building A, No. 2, Lanyuan Road, Xin'an Community, Chang'am Town, Dongguan, Guangdong, China (Mainland).

22.     Upon information and belief, Defendant Dongguan Ingleby Mechanical Equipment Co., Ltd is a merchant on Alibaba.com, at https://ingleby.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 63, Xinwei Road, Yagkengtang Village, Dalang Town, Dongguan, Guangdong, China (Mainland).

23.     Upon information and belief, Defendant Dongguan MuShang Silicone&Plastic Products Co., Ltd. is a merchant on Alibaba.com, at https://musslane02.en.alibaba.com/,  where it offers for sale and/or sells Infringing Products with a principal place of business of 332 Fumin Road, Changtang Community, Dalang Town, Dongguan, Guangdong, China (Mainland).

24.     Upon information and belief, Defendant Dongguan Seory Deco Co., Ltd. is a merchant on Alibaba.com, at https://seorydeco.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Jinlianxuan, Lianhua Plaza, Xianxi Community, Chang'an Town, Dongguan, Guangdong, China (Mainland).

25.     Upon information and belief, Defendant Dongguan Yuyang Musical Instrument Co., Ltd. a/k/a Magna Ukelele Guitar is a merchant on Alibaba.com, at https://magnavip.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 4th Floor, Bldg. 4, Tongfu Tech Park, Xiansha Beiwang Road, Gaobu Town, Dongguan, Guangdong, China (Mainland).

26.     Upon information and belief, Defendant E_shop2008 a/k/a shen zhen starlight com inc is a merchant on DHgate.com, at https://www.dhgate.com/store/14497531, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

27.     Upon information and belief, Defendant Ebuy360 Outlet Store is a merchant on AliExpress.com, at https://ebuy360.aliexpress.com/store/415434, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

28.     Upon information and belief, Defendant ecigmod is a merchant on DHgate.com, at https://www.dhgate.com/store/19772095, where it offers for sale and/or sells Infringing Products with a principal place of business of 3A23, Economic Building, Huafeng Headquarter, Xixiang Avenue, Bao'an District, Shenzhen, Guangdong, China (Mainland).

29.     Upon information and belief, Defendant Fun Toy Club Store a/k/a EDC Hand Spin Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2947194, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

30.     Upon information and belief, Defendant Eiffelbride is a merchant on DHgate.com, at https://www.dhgate.com/store/14499803, where it offers for sale and/or sells Infringing Products with a principal place of business in Jiangsu, China (Mainland).

31.     Upon information and belief, Defendant Fidget Spinners Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2983022, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

32. Upon information and belief, Defendant Finger_monkey_dhgate is a merchant on DHgate.com, at https://www.dhgate.com/store/20794648, where it offers for sale and/or sells Infringing Products with a principal place of business in Shandong, China (Mainland).

33. Upon information and belief, Defendant Fuzhou Jointop Imp. & Exp. Co., Ltd. a/k/a Jointop is a merchant on Alibaba.com, at https://jointop-china.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Floor 2, Bldg. 1, Door 4, Baihuazhou Road, Pushang Road, Jinshan Dist., Fuzhou, Fujian, China (Mainland).

34. Upon information and belief, Defendant Guangzhou Hang Sheng Technology Co., Ltd. is a merchant on Alibaba.com, at https://hemes.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Second Floor, Rm. 101, No. 81, Hanlan 1st Street, Xingnan Road, Nancun Town, Panyu Dist., Guangzhou, Guangdong, China (Mainland).

35. Upon information and belief, Defendant Guntoy Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2342159, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

36. Upon information and belief, Defendant Hefei Sunhope Trade Co., Limited is a merchant on Alibaba.com, at https://sunhopeco.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 1507, Bldg. C7, Binhu Times Square, Baohe District, Hefei, Anhui, China (Mainland).

37. Upon information and belief, Defendant Hong Jing Business is a merchant on Alibaba.com, at https://hongjing168.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 1625, Building A, Meili Times

16

Garden, The Crossing of Xixiang Avenue and Xinhu Road, Xixiang Street, Bao'an District, Shenzhen, Guangdong, China (Mainland).

38.     Upon information and belief, Defendant HT Boutique Toy Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/1834311, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

39.     Upon information and belief, Defendant Jinjiang Huihao Hardware Co., Ltd. a/k/a Jinjiang Huihao Hardware Plastic Handicraft Co., Ltd. is a merchant on Alibaba.com, at https://buckles.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 21, Lima Road, (Wuliyuan) Economic Development Zone, Yonghe Town, Jinjiang, Quanzhou, Fujian, China (Mainland).

40.     Upon information and belief, Defendant Joa Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2674044, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

41.     Upon information and belief, Defendant kid&Love Store a/k/a. Kids & Love is a merchant on AliExpress.com, at https://www.aliexpress.com/store/1950138, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

42.     Upon information and belief, Defendant KUAILEMENG'S TOY WORLD Store is a merchant on AliExpress.com, at https://kuailemeng.aliexpress.com/store/2945029, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

43.     Upon information and belief, Defendant kyshadow a/k/a Crystal Kyshadow is a merchant on DHGate.com, at https://www.dhgate.com/store/20460399, where it offers for sale

and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

44.     Upon information and belief, Defendant LeadingStar RC Toy Store a/k/a Children's Toys is a merchant on AliExpress.com, at https://www.aliexpress.com/store/1303217, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

45.     Upon information and belief, Defendant LM TOY Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/1473099, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

46.     Upon information and belief, Defendant Magic_paradise is a merchant on DHgate.com, at https://www.dhgate.com/store/20662848, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

47.     Upon information and belief, Defendant My toy world is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2207053, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

48.     Upon information and belief, Defendant Nanjing Babytop International Trading Co., Ltd. a/k/a Nanjing Babytop is a merchant on Alibaba.com, at https://babytop.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 703-2, Floor 7A, Jinji Plaza, No. 270, Shuiximen Street, Jianye Dist., Nanjing, Jiangsu, China (Mainland) .

49.     Upon information and belief, Defendant Ningbo Topten Industry Co., Ltd. is a merchant on Alibaba.com, at https://nbtopten.en.alibaba.com/, where it offers for sale and/or

sells Infringing Products with a principal place of business of (6-5) Bldg. 1, Shangdong Business Center, Jiangdong Dist., Ningbo, Zhejiang, China (Mainland).

50.     Upon information and belief, Defendant Online Store 236134 is a merchant on AliExpress.com, at https://www.aliexpress.com/store/236134, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

51.     Upon information and belief, Defendant Outdoorclubs is a merchant on DHgate.com, at https://www.dhgate.com/store/17967286, where it offers for sale and/or sells Infringing Products with a principal place of business in Fujian, China (Mainland).

52.     Upon information and belief, Defendant Petrel Goo is a merchant AliExpress.com, at https://www.aliexpress.com/store/1967062, where it offers for sale and/or sells Infringing Products, and with a principal place of business in China (Mainland).

53.     Upon information and belief, Defendant pleasure shopping blocks toy Store is a merchant AliExpress.com, at https://www.aliexpress.com/store/2177100, where it offers for sale and/or sells Infringing Products, and with a principal place of business in China (Mainland).

54.     Upon information and belief, Defendant Qingdao Clunt Bearing Co., Ltd. is a merchant Alibaba.com, at https://clunt.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business of Room 1003, No. 555, Zhongcheng Road, Chengyang District, Qingdao, Shandong, China (Mainland).

55.     Upon information and belief, Defendant SamanthaLee Store is a merchant AliExpress.com, at https://www.aliexpress.com/store/3018019, where it offers for sale and/or sells Infringing Products, and with a principal place of business in China (Mainland).

56.     Upon information and belief, Defendant Sesame TOY Store is a merchant AliExpress.com, at https://www.aliexpress.com/store/1728360, where it offers for sale and/or

sells Infringing Products, and with a principal place of business in Baoanqu, Shenzhen, China (Mainland).

57.     Upon information and belief, Defendant Shaanxi Keysun Bio-Tech Co., Ltd. a.k.a. Kai Cheng Industrial Co., Limited is a merchant Alibaba.com, at https://keysunbio.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business of No. 1103, 10th Block, Jinlvcheng, Crossing Of Taihua Road And Fengcheng 3rd Rd., Weiyang District, Xi'an, Shaanxi, China (Mainland).

58.     Upon information and belief, Defendant Shanghai Rondy Toys Co., Ltd. is a merchant Alibaba.com, at https://rondytoys.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business of No. 22, Lane 198, Yindu West Road, Songjiang Dist., Shanghai, China (Mainland).

59.     Upon information and belief, Defendant shanghai2010 a.k.a. Shanghai2010 (HK) International Trading Cooperation Limited is a merchant DHgate.com, at https://www.dhgate.com/store/14497614, where it offers for sale and/or sells Infringing Products, and with a principal place of business in Guangdong, China (Mainland).

60.     Upon information and belief, Defendant Shantou Chenghai Guangyi Meijin Plastic Toys Factory is a merchant Alibaba.com, https://mjtoys.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business of North Of Tongyi Road, West Of Fu'an Road, Chenghai Dist., Shantou, Guangdong, China (Mainland).

61.     Upon information and belief, Defendant Shenzhen Anthome Technology Co., Ltd. is a merchant on Alibaba.com, at https://anthome.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 902, No. 18, Jiaoyu North Road, Pingdi Street, Longgang Dist., Shenzhen, Guangdong, China (Mainland)

62.     Upon information and belief, Defendant Shenzhen Ares Technology Limited is a merchant on Alibaba.com, at https://aresfactory.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business

63.     Upon information and belief, Defendant Shenzhen Aspero Technology Co., Ltd. is a merchant on Alibaba.com, at https://enaspero.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 385, Fuyong Chamber Of Commerce Information Mansion, No. 6348, Baoan Road, Qiaotou Community, Fuyong St., Baoan District, Shenzhen, Guangdong, China (Mainland).

64.     Upon information and belief, Defendant Shenzhen ATOY Technology Co., Ltd. is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2141101, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

65.     Upon information and belief, Defendant Shenzhen BAIYI Technology Co., Ltd. is a merchant on Alibaba.com, at https://baiyi-tech.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Longsheng West Road, Longhua District, Shenzhen, Guangdong, China (Mainland).

66.     Upon information and belief, Defendant Shenzhen Baolifeng Opto-Elec Co., Ltd. a/k/a BAOLIFENG, is a merchant on Alibaba.com, at https://szblf.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 2/F, Block C6, Baocheng 35th Zone, Bao'an District, Shenzhen, Guangdong, China (Mainland).

67.     Upon information and belief, Defendant Shenzhen Better New Gift Design Dept. a/k/a SZ Better Limited is a merchant on Alibaba.com, at https://btelecn.en.alibaba.com, where

it offers for sale and/or sells Infringing Products with a principal place of business of C302, Fenghuang Building, Xinhe Road, Shajing, Baoan, Shenzhen, China (Mainland).

68.     Upon information and belief, Defendant Shenzhen Bo Xin Rong Technology Co., Ltd. is a merchant on Alibaba.com, at https://bxrkj.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Rm.503, No 8728, Baoan Rd., Hongxing Community, Songgang St., Baoan Dist., Shenzhen City, China (Mainland).

69.     Upon information and belief, Defendant Shenzhen Bolt Innovation Technology Co., Ltd. is a merchant on Alibaba.com, at https://boltinnovation.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 604, 7th Building, 5th Lane, Shangduan, Yangmei Community, Bantian Street, Longgang District, Shenzhen, Guangdong, China (Mainland).

70.     Upon information and belief, Defendant Shenzhen Chunbell Electronic Co., Ltd. is a merchant on Alibaba.com, at https://chuangbell.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

71.     Upon information and belief, Defendant Shenzhen City Syart Trade Company Ltd. is a merchant on Alibaba.com, at https://ssyart.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

72.     Upon information and belief, Defendant Shenzhen Co-Friendship Trading Co., Ltd. is a merchant on Alibaba.com, at https://co-friendship.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business Room 805, 9th Building,

Fengrung Garden, South of Renming Road, Longhua District, Guangdong, Shenzhen, China (Mainland).

73.     Upon information and belief, Defendant Shenzhen Dst Tech Co., Ltd. is a merchant on Alibaba.com, at https://dst-tech.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen City, China (Mainland).

74.     Upon information and belief, Defendant Shenzhen Eunion Technology Co., Ltd. is a merchant on Alibaba.com, at https://uniontech.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

75.     Upon information and belief, Defendant Shenzhen Favorite Technology Co., Ltd. is a merchant on Alibaba.com, at https://favoriteelectronic.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 1601-1604, Sichuan Building, 2001 Hongli Road, Futian District, Shenzhen, China (Mainland).

76.     Upon information and belief, Defendant Shenzhen Fire-Wolf Electronics Co., Ltd. is a merchant on Alibaba.com, at https://hllp.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 5/F, Building E ,Huafeng Industrial Park, Baoan (HangCheng) Av., Gushu Xixiang, Shenzhen, China (Mainland).

77.     Upon information and belief, Defendant Shenzhen Five Star Trading Co., Ltd. is a merchant on Alibaba.com, at https://enaspero.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 385, Fuyong Chamber Of Commerce Information Mansion, No. 6348, Baoan Road, Qiaotou Community, Fuyong St., Baoan District, Shenzhen, China (Mainland).

78. Upon information and belief, Defendant Shenzhen Garuda Technology Co., Ltd. a/k/a Garuda Group, is a merchant on Alibaba.com, at https://garudagift.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business 5th Floor H Buliding Bantian International Center Bantian Street Longgang District, Shenzhen, China (Mainland).

79. Upon information and belief, Defendant Shenzhen GDC Tillwell Technology Ltd. is a merchant on Alibaba.com, at https://gdctillwell.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business Room K58, Building No.3, Saige Science Park, Huaqiangbei, Futian District, Shenzhen, China (Mainland).

80. Upon information and belief, Defendant Shenzhen Gold Cost Technology Co., Ltd. is a merchant on Alibaba.com, at https://goldcost.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Rm. 01, Floor 1, Bldg. 1, Dongpeng Ind. Zone, 3rd Ind. Zone, Shanmen, Songgang Street, Bao'an District, Shenzhen, China (Mainland).

81. Upon information and belief, Defendant Shenzhen Gooky Technology Co., Ltd. is a merchant on Alibaba.com, at https://gooky.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 5/F, West Block 4, Seg Science & Technology Park, Huaqiang North St., Futian District, Shenzhen, China (Mainland).

82. Upon information and belief, Defendant Shenzhen Gowell Technology Co., Ltd. (G-Wireless) is a merchant on Alibaba.com, at https://g-wireless.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 41, Building G5B, ShaHe Industrial, Baishizhou, NanShan Area, Shenzhen, Guangdong, China (Mainland).

83.     Upon information and belief, Defendant Shenzhen Hanbeter Technology Co., Ltd. is a merchant on Alibaba.com, at https://hbtwatch.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 2 Floor WeiDongLong Business Building MeiLong Road, LongHua, Shenzhen, Guangdong, China (Mainland).

84.     Upon information and belief, Defendant Shenzhen Hengfulong Technology Co., Ltd. is a merchant on Alibaba.com, at https://hflong.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 17C, Yonghui Building (B block), Guoqi Mansion, South Shangbu road, Futian District, Shenzhen, Guangdong, China (Mainland).

85.     Upon information and belief, Defendant Shenzhen Hi Fortune Technology Co., Ltd. is a merchant on Alibaba.com, at https://szhifortune.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 2601, Bldg. 7, Yuling Gongguan, Futong, Songgang Street, Baoan Dist, Shenzhen, Guangdong, China (Mainland).

86.     Upon information and belief, Defendant Shenzhen Hiper Song Electronic Technology Co., Ltd. is a merchant on Alibaba.com, at https://hipercn.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

87.     Upon information and belief, Defendant Shenzhen HLS Electronic Technology Limited is a merchant on Alibaba.com, at https://hlstech.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Lanshui Industrial, Longdong, Longgang, Shenzhen, Guangdong, China (Mainland).

88.     Upon information and belief, Defendant Shenzhen Hongtaidingye Electronics Co., Ltd. is a merchant on Alibaba.com, at https://htdy.en.alibaba.com, where it offers for sale

and/or sells Infringing Products with a principal place of business of 6th Floor, Block 8, LongBi Industrial Zone, BanTian Street, LongGang Dist, Shenzhen, Guangdong, China (Mainland).

89.    Upon information and belief, Defendant Shenzhen ISM Technology Co., Ltd.  is a merchant on Alibaba.com, at https://szism.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 306 Room, Yongfu Mansion, Fuyong Town, Baoan District, Shenzhen, Guangdong, China (Mainland).

90.    Upon information and belief, Defendant Shenzhen Iwellglobal Technology Co., Ltd. is a merchant on Alibaba.com, at https://iwellglobal.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of No. A1603, Floor 16, Complex Building, Haian Garden, West Of Xinsha Road, Shajing Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

91.    Upon information and belief, Defendant Shenzhen Jiedake Technology Co., Ltd. is a merchant on Alibaba.com, at https://jdkkj.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Floor 6, Shisheng Bldg., Haochong Village, Songming Road, Songgang, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

92.    Upon information and belief, Defendant Shenzhen Jijialasi Industrial Co., Ltd. is a merchant on Alibaba.com, at https://luckypluscn.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 409 Building C, Youth Dreamworks Langkou Industrial District, Shenzhen, Guangdong, China (Mainland).

93.    Upon information and belief, Defendant Shenzhen Jingxin Science&Technology Development Co., Ltd. is a merchant on Alibaba.com, at https://szjxkj.en.alibaba.com, where it

26

offers for sale and/or sells Infringing Products with a principal place of business of Minzhi Street Number 398 Huibaojiang Building A512, Shenzhen, Guangdong, China (Mainland).

94.     Upon information and belief, Defendant Shenzhen Jinpin Balance Technology Co., Ltd is a merchant on Alibaba.com, at https://jinpin-balance.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

95.     Upon information and belief, Defendant Shenzhen Joystar Electronics Co., Ltd. is a merchant on Alibaba.com, at https://szjoystar.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

96.     Upon information and belief, Defendant Shenzhen Jutuo Supply Chain Co., Ltd. is a merchant on Alibaba.com, at https://szjutuo.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

97.     Upon information and belief, Defendant Shenzhen JXK Technology Co., Ltd is a merchant on Alibaba.com, at https://jxkfashion.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of SAR 1980 Culture Creative Industry Park3, Minzhi Street Longhua Area, Shenzhen, Guangdong, China (Mainland).

98.     Upon information and belief, Defendant Shenzhen Karen M Electronics Co., Ltd. is a merchant on Alibaba.com, at https://cnkaren.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Detai Industrial Park, Huarong Road, Dalang, Longhua District, Shenzhen, Guangdong, China (Mainland).

99.     Upon information and belief, Defendant Shenzhen KaRiSin Import&Export Co., Ltd. is a merchant on Alibaba.com, at https://karisin.en.alibaba.com, where it offers for sale

and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

100.    Upon information and belief, Defendant Shenzhen Kingsway Technology Co.,Ltd is a merchant on Alibaba.com, at https://kswtek.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 4F, Bldg. C, Tong'an Logistics Information Center, Xixiang, Baoan Dist., Shenzhen, Guangdong, China.

101.    Upon information and belief, Defendant Shenzhen KISN Technology Co., Limited. is a merchant on Alibaba.com, at https://kinsen.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 1603,16/F, Metro Ctity, Buji Street, Longgang District, Shenzhen, Guangdong, China (Mainland).

102.    Upon information and belief, Defendant Shenzhen Lanyos Intelligent Technology Co., Ltd is a merchant on Alibaba.com, at https://lanyosintelligient.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business 4 Floor, Building 2, Xinyongfeng Industrial Park, Lezhujiao Village, Huangmabu Community, Xixiang Street, Baoan District, Shenzhen, Guangdong, China (Mainland).

103.    Upon information and belief, Defendant Shenzhen Lcose Electronic Technology Co., Ltd. is a merchant on Alibaba.com, at https://lcose.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

104.    Upon information and belief, Defendant Shenzhen Leadingplus Electronic Co., Ltd. is a merchant on Alibaba.com, at https://leadingplus.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Room208, Dongxu Building, Minhuan Road, Longhua New District, Shenzhen, Guangdong, China (Mainland).

105. Upon information and belief, Defendant Shenzhen Leyi Industrial Co., Ltd. is a merchant on Alibaba.com, at https://cn1518172820inck.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Longgang, Buji, Bandaoyuan 12 #A701, Shenzhen, Guangdong, China (Mainland).

106. Upon information and belief, Defendant Shenzhen Lipengda Cultural Gift Co., Ltd. is a merchant on Alibaba.com, at https://lipengda.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Rm.529-530, Chuangke Building, #72-1, Huanguan south Rd., Longhua District, Shenzhen, Guangdong, China (Mainland).

107. Upon information and belief, Defendant Shenzhen Listing Technology Co., Ltd. is a merchant on Alibaba.com, at https://listing.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of B656, Qinghu Technology Park, Longhua Street, Shenzhen, Guangdong, China (Mainland).

108. Upon information and belief, Defendant Shenzhen Long Sheng Century Technology Co., Ltd. is a merchant on Alibaba.com, at https://lscentury.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Floor 7 , No. 42 Building, No.4 Zone of Changkeng, Bantian, Longgang District, Shenzhen, Guangdong, China (Mainland).

109. Upon information and belief, Defendant Shenzhen Mytaste RJX Hardware Co., Ltd is a merchant on Alibaba.com, at https://ruijiaxin.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

110.    Upon information and belief, Defendant Shenzhen Navata Technology Co., Ltd. is a merchant on Alibaba.com, at https://navata.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Shenzhen, China (Mainland).

111.    Upon information and belief, Defendant Shenzhen New Image Technology Co., Ltd. is a merchant on Alibaba.com, at https://newimage.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of C622, C-6, Tianhui Building, Yousong Road, Longhua Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

112.    Upon information and belief, Defendant Shenzhen Orebo Technologies Ltd. is a merchant on Alibaba.com, at https://orebo.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 6/F, Building B, No. 9, Eastern Zone, Shangxue Technology Park, Bantian, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

113.    Upon information and belief, Defendant Shenzhen OrHong Electronic Technology Co., Ltd.is a merchant on Alibaba.com, at https://w-shift.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 4-401, Zhanrun Bldg., Yunfeng Road, Dalang Street, Longhua New Dist., Shenzhen, Guangdong, China (Mainland).

114.    Upon information and belief, Defendant Shenzhen Qio Technology Co., Ltd is a merchant on Alibaba.com, at https://qiotech.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 4801, Qixing Shangwu Building, No. 5056 Songbai Road, Gongming Town, Guangming New Dist., Shenzhen, Guangdong, China (Mainland).

115.     Upon information and belief, Defendant Shenzhen Quest Technology Co., Ltd. is a merchant on Alibaba.com, at https://questtech.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 603, No. 153, Songming Road, Songgang, Baoan, Shenzhen, Guangdong, China (Mainland).

116.     Upon information and belief, Defendant Shenzhen Shenyuan Tech Co., Ltd. is a merchant on Alibaba.com, at https://shenyuantech.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of 6Room 402, 5th Building, Zhongliang (Fuan) Robot Manufacture Industrial Park, Dayang Road, Ruyong Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

117.     Upon information and belief, Defendant Shenzhen Skyview Technology Limited is a merchant selling on Alibaba.com, at https://skyview.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 316 Haoyuan Building, Bldg. A2, Baoshan Ind. Zone, Minzhi Street, Longhua New Dist., Shenzhen, Guangdong, China (Mainland).

118.     Upon information and belief, Defendant Shenzhen Smofit Technology Co., Ltd. is a merchant selling on Alibaba.com, at https://smofit.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 1412 Xintian Bldg., No. 06, Fengteng Road, Xintian Community, Fuyong Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

119.     Upon information and belief, Defendant Shenzhen Spark Technology Company Limited is a merchant selling on Alibaba.com, at https://spartaktech.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Floor 3, No.

96, Egongling Dongmen Road, Pinghu Town, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

120.    Upon information and belief, Defendant Shenzhen Spri Technology Co., Ltd. is a merchant on Alibaba.com, at https://spritech.en.alibaba.com/, where is offers for sale and/or sells Infringing Products with a principal place of business of 11505, Bldg. B1, Changfenghuating, Dazhonggang Road, Shajing Street, Boaan Dist., Shenzhen, Guangdong, China (Mainland).

121.    Upon information and belief, Defendant Shenzhen Sunfire Technology Co., Ltd. is a merchant on Alibaba.com, at https://sunfire-tech.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 8M, Unit 3, Building 13, (Phase 1) Zhenye Luanshangu Garden, Longgang District, Shenzhen, Guangdong, China (Mainland).

122.    Upon information and belief, Defendant Shenzhen Technoli Technology Co., Ltd. is a merchant on AliExpress.com, at https://rolytech.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 601-602, Unit 1, Bldg. 12, Hengda City, Nanchang County, Nanchang, Jiangxi, China (Mainland).

123.    Upon information and belief, Defendant Shenzhen Usmart Electronics Technology Co., Ltd. is a merchant on Alibaba.com, at https://usmartele.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of E1401, Nancheng 1st Int'l, Dongguang, Guangdong, China (Mainland).

124.    Upon information and belief, Defendant Shenzhen VCEEGO Technology Co., ltd. is a merchant on Alibaba.com, at https://e-dream.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 418, Floor 4, Zone 2,

Bldg. B, Mingyou Industrial Products Procurement Center, Baoan, Dist., Shenzhen, Guangdong, China (Mainland).

125.     Upon information and belief, Defendant Shenzhen Vfocus Electronic Technology R&D Co., Ltd. is a merchant on Alibaba.com, at https://vfocuselec.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 3rd Floor, Building 3, Jinxing Industrial Park, 25 Jinan Road, Tangwei, Fuyong, Baoan Area, Shenzhen, Guangdong, China (Mainland).

126.     Upon information and belief, Defendant Shenzhen V-Vision Technology Co., Ltd. is a merchant on Alibaba.com, at https://vensens.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 503, Gengyun Business Bldg., No. 92, Hekan Road, Bantian Street, Longgang Dist., Shenzhen, Guangdong, China (Mainland)

127.     Upon information and belief, Defendant Shenzhen Wellcore Technology Co., Ltd. is a merchant on Alibaba.com, at https://wellcorping.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 601, Bldg. C, No. 11, Longshan Industrial Zone, Nanling Village, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

128.     Upon information and belief, Defendant Shenzhen Wow Gift Co., Ltd. is a merchant on Alibaba.com, at https://wowgift.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Baoyuan Zone 2, Xixiang Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

129.     Upon information and belief, Defendant Shenzhen Xingaosheng Technology Co., Ltd. is a merchant on Alibaba.com, at https://xingaosheng.en.alibaba.com/, where it offers for

sale and/or sells Infringing Products with a principal place of business of 2nd Floor, Building 11, Lihao International Center, Ainan Road, Longdong Community, Longgang, Shenzhen, Guangdong, China (Mainland).

130.    Upon information and belief, Defendant Shenzhen Xinhaoyuan Technology Co., Ltd. is a merchant on Alibaba.com, at https://xhytech.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 408, Floor 4, Longgang Bldg., No. 16 Longsheng Road, Longgang Street, Longgang District, Shenzhen, Guangdong, China (Mainland).

131.    Upon information and belief, Defendant Shenzhen XZD Technology Co., Ltd. is a merchant on Alibaba.com, at https://astarias.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 301, Xindongxing Center, Zone 71, Baoan, Shenzhen, Guangdong, China (Mainland).

132.    Upon information and belief, Defendant Shenzhen Yuway Technology Co., Ltd. is a merchant on Alibaba.com, at https://hengxinkj.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 8-9-906, Yangxia Road, Xinqiao, Shajing, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

133.    Upon information and belief, Defendant Shenzhen Z-Cool Times Technolgy Co., Ltd. is a merchant on Alibaba.com, at https://z-cool.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 3703, No. 1, West Lane 1, Yuandun Road, Danzhutou, Nanwan Street, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

134.    Upon information and belief, Defendant Shenzhen Zmart Technology Co., Ltd. is a merchant on Alibaba.com, at https://zmartechome.en.alibaba.com/, where it offers for sale

and/or sells Infringing Products with a principal place of business of 3D331, Huafeng Headquarters Economic Building, Baoyuan, Xixiang Road, Xixiang Street, Baoan District, Shenzhen, Guangdong, China (Mainland).

135.   Upon information and belief, Defendant Shenzhen Zooming Electronic Co., Ltd. is a merchant on Alibaba.com, at https://zooming.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of 3A23, Economic Building, Huafeng Headquarter, Xixiang Avenue, Bao'an District, Shenzhen, Guangdong, China (Mainland).

136.   Upon information and belief, Defendant AIPIN Store is a merchant on AliExpress.com, at https://aliexpress.com/store/1757250, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

137.   Upon information and belief, Defendant Shop2949193 Store is a merchant on AliExpress.com, at https://aliexpress.com/store/2949193, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

138.   Upon information and belief, Defendant Shop319037 Store is a merchant on AliExpress.com, at https://it.aliexpress.com/store/319037, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

139.   Upon information and belief, Defendant Stephan Store Store is a merchant on AliExpress.com, at https://aliexpress.com/store/2656203, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

140.   Upon information and belief, Defendant Hongkong Superfast Technology Co., Ltd. a/k/a Superfast is a merchant on DHgate.com, at https://www.dhgate.com/store/19970003,

where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

141.    Upon information and belief, Defendant Superglobal is a merchant on DHgate.com, at https://www.dhgate.com/store/20732258, where it offers for sale and/or sells Infringing Products with a principal place of business in Hunan, China (Mainland).

142.    Upon information and belief, Defendant Suzhou Ln Promo Co., Ltd. is a merchant on Alibaba.com, at https://lntechnology.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business of Room 2-503, Jinse Shangcheng, No. 208, Songjiang Road, Ind. Zone, Suzhou, Jiangsu, China (Mainland).

143.    Upon information and belief, DefendantSuzhou sweetdresses Weddingdress Co., Ltd. a/k/a Sweetdresses is a merchant on DHgate.com, at https://www.dhgate.com/store/14775509, where it offers for sale and/or sells Infringing Products with a principal place of business in Jiangsu, China (Mainland).

144.    Upon information and belief, Defendant Shenzhen City Poly Hui Foreign Trade Co., Ltd. a/k/a Sz_st_luo is a merchant on DHgate.com, at https://www.dhgate.com/store/20088919, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

145.    Upon information and belief, Defendant Szalone1 is a merchant on DHgate.com, at https://www.dhgate.com/store/20763397, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

146.    Upon information and belief, Defendant Teem Technology Co., Ltd. a/k/a Squishies is a merchant on DHgate.com, at https://www.dhgate.com/store/19915249, where it

offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

147.     Upon information and belief, Defendant Dongguan Thea Store is a merchant on AliExpress.com, at https://aliexpress.com/store/911718, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

148.     Upon information and belief, Defendant TuKIIE Store is a merchant on AliExpress.com, at https://aliexpress.com/store/2944071, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

149.     Upon information and belief, Defendant TUMIpetlife Store is a merchant on AliExpress.com, at https://aliexpress.com/store/3116027, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

150.     Upon information and belief, Defendant Xiamen Jiayikang Environmental Technology Co., Ltd is a merchant on Alibaba.com, at https://jiayikang.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of D1-417, Wanda Plaza SOHO, No. 9, Jinzhong Road, Huli Dist., Xiamen, Fujian, China (Mainland).

151.     Upon information and belief, Defendant Xiamen Windsail Outdoor Gear & Sporting Goods Co., Ltd. is a merchant on Alibaba.com, at https://vr-windsail.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Compartment, Floor 3, Bldg. A, 2621, Chiposhan, Siming Dist., Xiamen, Fujian, China (Mainland).

152.     Upon information and belief, Defendant Shenzhen Bitian Technology Ltd. is a merchant on DHgate.com, at https://www.dhgate.com/store/14774495, where it offers for sale

and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

153.    Upon information and belief, Defendant XQboss Store  is a merchant on AliExpress.com, at https://it.aliexpress.com/store/2662194, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

154.    Upon information and belief, Defendant Yiwu Briosta Apparels Factory is a merchant on Alibaba.com, at https://briostafactory.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of No. 538, Qijiguang Road, Choujiang Street, Yiwu, Jinhua, Zhejiang, China (Mainland).

155.    Upon information and belief, Defendant Yiwu Cono Sports Co., Ltd. is a merchant on Alibaba.com, at https://conasports.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business of Rm. 405, No. 3, Building 156, Xinggang District, Futian Street, Yiwu Jinhua, Zhejiang, China (Mainland).

156.    Upon information and belief, DefendantYiwu Eco Baoyu E-Business Firm is a merchant Alibaba.com, at https://ecobaoyu.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business at No. 743, Jiangdong South Road, Yiwu, Jinhua, Zhejiang, China (Mainland).

157.    Upon information and belief, Defendant Yiwu Green Shine Arts & Crafts Co., Ltd. is a merchant Alibaba.com, at https://ywgreenshine.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business at Fl. 3, No. 9, Jingsan Road, Beiyuan Street, Yiwu, Zhejiang, China (Mainland).

158.    Upon information and belief, Defendant Yiwu Green Shine Gifts And Toys Co., Ltd. is a merchant Alibaba.com, at https://ywgreenshine.en.alibaba.com/, where it offers for sale

and/or sells Infringing Products, and with a principal place of business at Floor 2, Bldg., A, No. 731, Danxi North Road, Yiwu Jinhua, Zhejiang, China (Mainland).

159.    Upon information and belief, Defendant Yiwu Hui Zhe Trading Co., Ltd. is a merchant Alibaba.com, at https://huizhe.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business at Beiyuam Ind. Zonne, Beiyuan Street, Jinhua, China (Mainland).

160.    Upon information and belief, Defendant Yiwu Kuotai Trading Co., Ltd. is a merchant Alibaba.com, at https://kuotai.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business at 203, Bldg. 68, Area 5, Liuyi Village, Yiwu, Zhejiang, China (Mainland).

161.    Upon information and belief, Defendant Yiwu Ruimian E-Commerce Trading Firm is a merchant Alibaba.com, at https://ruimian.en.alibaba.com/, where it offers for sale and/or sells Infringing Products, and with a principal place of business at 17364, Int'l Trade City, Yiwu, Jinhua, Zhejiang, China (Mainland).

162.    Upon information and belief, Defendant Zhimei Online a/k/a Zhiyuanwedding is a merchant DHgate.com, at https://www.dhgate.com/store/20734502, where it offers for sale and/or sells Infringing Products, and with a principal place of business in Nei Mongol, China (Mainland).

## **GENERAL ALLEGATIONS**

### **WowWee and Its Well-Known Consumer Products**

163.    WowWee is a leading designer, developer, marketer, and distributor of innovative robotic toys and consumer entertainment products ("Authentic Products").   WowWee promotes and sells its Authentic Products throughout the U.S. and the world through major retailers,

quality toy stores, department stores, and online marketplaces, including, but not limited to, Toys R Us, Target, Walmart, Amazon, and Gamestop.

164.    One of WowWee's most popular and successful products are its Fingerlings toys, which are hand-held robotic toys that react to sound, motion, and touch and are designed to look like, for example, monkeys, unicorns, and sloths ("Fingerlings Product(s)").  Images of the Fingerlings Products are attached hereto as **Exhibit A** and incorporated herein by reference.

165.    The Fingerlings Products achieved great success since their introduction in 2017.

166.    Moreover, the Fingerling Products are widely recognized as the must-have toy product for 2017 as indicated by the toy industry's leaders and features in major news outlets including, but not limited to, TTPM, Money Magazine, Good Housekeeping, Business Insider, Newsday, Yahoo!, The Toy Insider, and CNN.

167.    WowWee owns both registered and unregistered copyrights in and related to the Fingerlings Products and packaging.

168.    WowWee has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Fingerlings Products.  WowWee is the owner of the following U.S. Copyright Registrations (true and correct copies of the below-detailed U.S. copyright registration certificates for the Fingerlings Works are attached hereto as **Exhibit B** and incorporated herein by reference):

a.    U.S. Copyright Reg. VAU 1-289-245, covering the Fingerlings Monkey,

as depicted beneath:



b.    U.S. Copyright Reg. VA 2-068-259, covering the Fingerlings' Packaging,

as depicted beneath:



c.      U.S. Copyright Reg. VA 2-068-835, covering the Fingerlings Unicorn, as

depicted beneath:



d.      U.S. Copyright Reg. VA 2-070-721, covering the Fingerlings Sloth, as

depicted beneath:



169.     The abovementioned U.S. Copyright Reg. VAU 1-289-245, U.S. Copyright Reg. VA 2-068-259, U.S. Copyright Reg. VA 2-068-835, and U.S. Copyright Reg. VA 2-070-721 are collectively referred to as the "Fingerlings Works."

170.     While WowWee gained significant common law trademark and other rights in the Fingerlings Product through use, advertising, and promotion, WowWee also sought to protect its valuable rights by filing for federal trademark registrations in connection with the Authentic Products and the Fingerlings Products.

171.     WowWee owns the following U.S. Trademarks:

a.     U.S. Trademark Registration No. 3,289,747 for "WOW WEE" work mark for a variety of goods in Class 9 and Class 28 ("WowWee Word Mark"), and

b.     U.S. Trademark Registration No. 4,505,483 for the WowWee Logo for a variety of goods in Class 9 and Class 28 ("WowWee Logo Mark"), which is depicted beneath:



172.     Hereinafter, the abovementioned WowWee Word Mark and WowWee Logo Mark collectively are referred to as the "WowWee Marks."

173.     The WowWee Marks have been in use in commerce in connection with the Authentic Products continuously since their constructive dates of first use and are currently in use in commerce in connection with the Fingerlings Products.  The constructive date of first use based on WowWee's federal trademark registration for the WowWee Word Mark is at least as early as September 13, 2001, and the constructive date of first use based on WowWee's federal trademark registration for the WowWee Logo Mark is at least as early as June 30, 2008.

174.    WowWee also applied for registration of the word mark "FINGERLINGS" for a variety of toy products in Class 28, which is covered by U.S. Trademark Serial Application No. 87/308,272, with a constructive date of first use of January 20, 2017 (the "Fingerlings Word Mark").  It was published for opposition on May 23, 2017, and is unopposed and thus anticipated to issue to registration in due course.

175.    True and correct copies of the registrations for the WowWee Marks and the application for the Fingerlings Word Mark are attached hereto as **Exhibit C** and incorporated herein by reference.  Hereinafter, the WowWee Marks and Fingerlings Word Mark collectively are referred to as the "Fingerlings Marks."

176.    The Fingerlings Marks are currently in use in commerce in connection with the Fingerlings Products.

177.    The Fingerlings Products generally retail for $14.99.

178.    WowWee spent substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the Fingerlings Products, Fingerlings Works, and Fingerlings Marks.

179.    The success of the Fingerlings Products is due in large part to WowWee's marketing, promotional, and distribution efforts.   These efforts include advertising and promotion through television, WowWee's website, https://fingerlings.wowwee.com (the "Website"), retailer websites, and other internet-based advertising, print, and other efforts both domestically and abroad.

180.    WowWee's success is also due to its use of high quality materials and processes in making the Fingerlings Products.

181. Additionally, WowWee owes a substantial amount of the success of the Fingerlings Products to its consumers and word-of-mouth buzz that its consumers have generated.

182. As a result of WowWee's efforts, the quality of its Fingerlings Products, its promotions, extensive press and media coverage, and word-of mouth-buzz, the Fingerlings Products, Fingerlings Works, and Fingerlings Marks have become prominently placed in the minds of the public. Members of the public have become familiar with Fingerlings Products, Fingerlings Works, and Fingerlings Marks, and have come to recognize the Fingerlings Products, Fingerlings Works, and Fingerlings Marks and associate them exclusively with WowWee. WowWee acquired a valuable reputation and goodwill among the public as a result of such associations.

183. WowWee has gone to great lengths to protect its interests in and to the Fingerlings Works and Fingerlings Marks. No one other than WowWee is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Fingerlings Works or Fingerlings Marks without the express written permission of WowWee.

## The Digital Marketplaces and Defendants' Storefronts

184. Alibaba.com, AliExpress.com, and DHgate.com are global online marketplaces which allow manufacturers, wholesalers, and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell, and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York (hereinafter collectively referred to as the "Digital Marketplaces").

185.    As the leaders of China's e-commerce and digital retail market, the Digital Marketplaces have generated hundreds of billions in sales worldwide.[1]   International markets, including the U.S., make up a significant percentage of the Digital Marketplaces' sales.  For example, in the last fiscal year, revenue from international retail sales grew by 25% on AliExpress.com to $342 million and 15% on Alibaba.com to $841 million.[2] The press reported that the growth in sales on AliExpress.com resulted from an increase in the number of buyers, particularly from the U.S., as well as other large countries like Russia and Brazil.[3]  Additionally, according to *Business Insider*, excluding China, the U.S. was among the top five countries with packages coming from Alibaba's marketplaces on the company's "Singles' Day" (often compared to the U.S.'s Cyber Monday) in 2015, which resulted in over $14 billion in sales in one day.[4]  Further, DHgate.com offers 25 million consumer products from 1.2 million suppliers for sale on their platform and attributes over half of their sales to U.S. buyers alone.[5]

186.    As recently addressed in the *Wall Street Journal*, *Fortune,* and the *New York Times*,[6] and as reflected in the federal lawsuits filed against sellers offering for sale and selling

---

[1] *See* Kenneth Rapoza, *Jack Ma's Alibaba Promises Huge Sales Boom, $910 Billion In Merchandise Volume By 2020*, FORBES (Jun. 15, 2016), http://www.forbes.com/sites/kenrapoza/2016/06/15/jack-ma-foretells-huge-sales-boom-for-chinese-e-commerce-giant-alibaba/#78d364486b52.

[2] *See* Frank Tong, *Alibaba's annual web sales easily surpass U.S. e-retail sales*, DIGITALCOMMERCE360.COM (May 5, 2016), https://www.internetretailer.com/2016/05/05/alibabas-annual-web-sales-easily-surpass-us-e-retail-sales.

[3] *See* Frank Tong, *An Alibaba site sells $4.5 billion in one year to consumers outside of China*, DIGITALCOMMERCE360.COM   (Sept. 11, 2014),   https://www.internetretailer.com/2014/09/11/alibaba-site-sells-45-billion-one-year-consumers-outs.

[4] *See* Bob Bryan, *Alibaba just proved it's more than just some Chinese company*, BUSINESS INSIDER (Nov. 15, 2015), http://www.businessinsider.com/alibaba-international-expansion-2015-11.

[5] *See* Nona Tepper, *U.S. buyers account for half the sales on Hong Kong-based wholesale site DHgate.com*, DIGITALCOMMERCE360, (Jun. 22, 2015), https://www.internetretailer.com/2015/06/22/us-buyers-account-half-sales-dhgatecom.

[6] *See* Kathy Chu, *Alibaba Vows Crackdown on Fakes Amid Trade Group Controversy*, WALL STREET JOURNAL (May 13, 2016),   http://www.wsj.com/articles/alibaba-vows-crackdown-on-fakes-amid-trade-group-controversy-1463127605?; Scott Cendrowski, *Chinese Regulator Again Calls Out Alibaba for Counterfeit Goods*, FORTUNE (Aug. 10, 2016), http://fortune.com/2016/08/11/alibaba-counterfeit-goods-regulator/; *see also* Kathy Chu, *Alibaba Suspends From Anticounterfeiting Group,* WALL STREET JOURNAL   (May 13,   2016), http://www.wsj.com/articles/alibaba-suspended-from-anticounterfeiting-group-1463170527?tesla=y;   Michael

infringing and/or counterfeit products on the Digital Marketplaces,[7] an astronomical number of counterfeit and infringing products are offered for sale and sold on the Digital Marketplaces at a rampant rate.

187.   Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their Storefronts on the Digital Marketplaces.

188.   Through their Storefronts, Defendants offer for sale and/or sell consumer products, including Infringing Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

## **Defendants' Wrongful and Infringing Conduct**

189.   Particularly in light of WowWee's success, the Fingerlings Products, as well as the reputation they gained, WowWee and its Fingerlings Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation, and fame WowWee amassed in its Fingerlings Products, the works embodied in the Fingerlings Works, and the Fingerlings Marks.

190.   WowWee investigates and enforces against such activity, and through such efforts, learned of Defendants' actions which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing the Fingerlings Works, Fingerlings Marks, and

---

Schuman, *A Small Table Maker Takes On Alibaba's Flood of Fakes*, N.Y. TIMES (Mar. 18, 2017), https://www.nytimes.com/2017/03/18/business/alibaba-fake-merchandise-e-commerce.html.
[7] *See* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba*, MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611;        Gilian Wong, *Alibaba Sued Over Alleged Counterfeits*, WALL STREET JOURNAL (May 17, 2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem*, FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end-in-sight-for-alibabas-counterfeit-problem/.

artwork that are confusingly or substantially similar to the Fingerlings Works and Fingerlings Marks, and/or are identical or confusingly or substantially similar to the Fingerlings Products (the "Infringing Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' Storefronts.   Printouts of listings for Infringing Products from Defendants' Storefronts are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

191.    Defendants are not, and have never been, authorized by WowWee or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Fingerlings Products or to use WowWee's Fingerlings Works and Fingerlings Marks, or any marks or artwork that are confusingly or substantially similar to the Fingerlings Works or Fingerlings Marks.

192.    Defendants' Infringing Products are nearly indistinguishable from WowWee's Fingerlings Products, only with minor variations that no ordinary consumer would recognize.

193.    WowWee retained New Alchemy Limited ("NAL"), a company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers, retailers, and/or other merchants offering for sale and/or selling Infringing Products on the Digital Marketplaces.

194.    During its investigation, NAL identified Defendants as offering for sale and/or selling Infringing Products and contacted Defendants through their respective Storefronts expressing interest in placing a bulk order for Infringing Products and inquiring about methods of payment.  NAL also often requested the respective Defendant's e-mail addresses.  Printouts of NAL's conversations with Defendants are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

195.    During its communications with Defendants, NAL specified a shipping address located in in New York (the "New York Address") and verified that each Defendant provides shipping to the New York Address.  Printouts of the checkout pages, order forms, and/or pro forma invoices for the Infringing Products reflecting that the Defendants agreed to ship Infringing Products to the New York Address are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

196.    NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Infringing Products through their respective Storefronts, accepting payment for such Infringing Products in U.S. Dollars through various payment processing services, and that each Defendant provides shipping and/or has actually shipped Infringing Products to the U.S., including to customers located in New York. NAL's findings are supported by Defendants' listings for Infringing Products, their communications with NAL and/or the checkout pages, and order forms and/or pro forma invoices for the Infringing Products, which are included in **Exhibit D** attached hereto and incorporated herein by reference.

197.    For example, beneath on the left is an image of WowWee's Fingerlings Product, which typically retails for $14.99.  Depicted beneath on the right is the listing for Defendant Dongguan MuShang Silicone&Plastic Products Co., Ltd.'s ("Dongguan MuShang") Infringing Product ("Dongguan MuShang Infringing Listing") that it offers for sale and/or sells through its Alibaba Storefront, https://musslane.en.alibaba.com ("Dongguan MuShang Storefront"), for $2.69 - $5.49 per item (the "Dongguan MuShang Product"), using WowWee's Fingerlings Word Mark, or a confusingly similar mark, in the listing title "Original Factory Directly **Fingerlings Interactive** Monkeys Smart Colorful **Fingers Llings** Best Birthday Gifts Smart Induction" (emphasis added) and featuring and/or incorporating one or more of WowWee's Fingerlings

Marks, or a confusingly similar mark and WowWee's Fingerlings Works, or substantially similar artwork, in the descriptions and/or product images in the body of the listing ("Dongguan MuShang Infringing Product").   The Dongguan MuShang Infringing Product is virtually identical to WowWee's Fingerlings Product and features and/or incorporates one or more of WowWee's Fingerlings Works and Fingerlings Marks.   There is no question that the Dongguan MuShang Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing WowWee's Fingerlings Product or that the Dongguan MuShang Infringing Product is otherwise approved by or sourced from WowWee, thereby trading off of the goodwill and reputation of WowWee by engaging in the unauthorized use of WowWee's Fingerlings Works and Fingerlings Marks:

| **Fingerlings Products** | **Dongguan MuShang's Infringing Listing** |
|---|---|
|  |  |

198.    The Dongguan MuShang Infringing Listing also reflects that Dongguan MuShang accepts payment in U.S. Dollars.  Further, as depicted in the screenshot of Dongguan MuShang's "Transaction Details" beneath, which was taken from the Dongguan MuShang Infringing Listing, Dongguan MuShang has completed at least 57 transactions to buyers located in the U.S.:



199.    As another example, beneath on the left is an image of WowWee's Fingerlings Product, which typically retails for $14.99.   Depicted beneath on the right is the listing for Defendant crystal kyshadow's Infringing Product that it offers for sale and/or sells through its DHGate.com    Storefront,    https://www.dhgate.com/store/20460399    ("crystal    kyshadow Storefront"), for $8.05 - 8.96 per piece in wholesale quantities (the "crystal kyshadow Infringing Product") using WowWee's Fingerlings Word Mark, or a confusingly similar mark, in the listing title (*i.e.*, "6 colors Pre-sale retail **Fingerlings** - Interactive Baby Monkey Finger Toys Monkey Electronic Smart Fingers Monkey ABS+PVC 130mm free ship e" (emphasis added)) and featuring and/or incorporating one or more of WowWee's Fingerlings Marks, or a confusingly similar mark and WowWee's Fingerlings Works, or substantially similar artwork, in the descriptions and/or product images in the body of the listing ("crystal kyshadow Listing").   The crystal kyshadow Infringing Product is virtually identical to WowWee's Fingerlings Product and features and/or incorporates one or more of WowWee's Fingerlings Works and Fingerlings

Marks.  It is indisputable that the crystal kyshadow Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing WowWee's Fingerlings Product or that the crystal kyshadow Infringing Product is otherwise approved by or sourced from WowWee, thereby trading off of the goodwill and reputation of WowWee by engaging in the unauthorized use of WowWee's Fingerlings Works and Fingerlings Marks:

**Fingerlings Product**  **crystal kyshadow Infringing Listing**




200.    The crystal kyshadow Infringing Listing also reflects that crystal kyshadow accepts payment in U.S. Dollars.  Further, as depicted in the screenshots of crystal kyshadow's "Transaction Details" beneath, which were taken from the crystal kyshadow Infringing Listing, crystal kyshadow has completed at least eight transactions of the Infringing Products to buyers located in the U.S.:



201.    By way of another example, beneath on the left is an image of WowWee's Fingerlings Product, which retails for $14.99.  Depicted beneath on the right is the listing for Defendant Guntoy Store's Infringing Product that it offers for sale and/or sells through its AliExpress.com  Storefront,  https://www.aliexpress.com/store/2342159  ("Guntoy  Store Storefront"), for $10.80 per piece (the "Guntoy Store Infringing Product") and using WowWee's Fingerlings Word Mark, or a confusingly similar mark, in the listing title (i.e., "Pre-sale **Fingerlings** 13cm Monkey Mini Toy Colorful Smart Induction Toys Electronic Intelligent

Touch Monkey Gifts for Childrens" (emphasis added)), and featuring and/or incorporating one or more of WowWee's Fingerlings Marks, or a confusingly similar mark and WowWee's WowWee's Fingerlings Works, or substantially similar artwork, on the descriptions and/or product images in the body of the listing ("Guntoy Store Infringing Listing").  The Guntoy Store Infringing Product is virtually identical to WowWee's Fingerlings Product and features and/or incorporates one or more of WowWee's Fingerlings Works and Fingerlings Marks.   It is indisputable that the Guntoy Store Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing WowWee's Fingerlings Product or that the Guntoy Store Infringing Product is otherwise approved by or sourced from WowWee, thereby trading off of the goodwill and reputation of WowWee by engaging in the unauthorized use of WowWee's Fingerlings Works and Fingerlings Marks:

**Fingerlings Product**                    **Guntoy Store Infringing Listing**

     

202.    The Guntoy Store Infringing Listing also reflects that Guntoy Store accepts payment in U.S. Dollars.  Further, as depicted in the screenshot of Guntoy Store's "Shipping and

Payment" beneath, which was taken from the Guntoy Store Infringing Listing, the various shipping methods and times to the U.S. are detailed:



203.    By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendants violated WowWee's exclusive rights in its Fingerlings Works and Fingerlings Marks, and have used images and artwork that are confusingly and/or substantially similar to, identical to, and/or constitute counterfeiting and/or infringement of WowWee's Fingerlings Works and Fingerlings Marks in order to confuse consumers into believing that such Infringing Products are WowWee's Fingerlings Products and aid in the promotion and sales of their Infringing Products.  Defendants' conduct began long after WowWee's adoption and use of its Fingerlings Works and Fingerlings Marks, after WowWee obtained the U.S. registrations in the Fingerlings Works and WowWee Marks, as alleged above, and after WowWee's Fingerlings Products became well-known to the purchasing public.

204.     Prior to and contemporaneous with their actions alleged herein, Defendants had knowledge of WowWee's ownership of its Fingerlings Works and Fingerlings Marks, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Fingerlings Products, and in bad faith adopted WowWee's Fingerlings Works and Fingerlings Marks.

205.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to WowWee's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of WowWee, WowWee's Fingerlings Marks, Fingerlings Works, and Fingerlings Products.

206.     Defendants' dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendants' Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with WowWee, thereby damaging WowWee.

207.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to WowWee: infringed and counterfeited the WowWee Marks; infringed the Fingerlings Word Mark; infringed the Fingerling Works; committed unfair competition; and unfairly and unjustly profited from such activities at WowWee's expense.

208.     Unless enjoined, Defendants will continue to cause irreparable harm to WowWee.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act,**
**15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))**

209.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

210.    WowWee is the exclusive owner of all right and title to the WowWee Marks.

211.    WowWee has continuously used the WowWee Word Mark in interstate commerce since at least as early as September 13, 2001, and the WowWee Logo Mark in interstate commerce since at least as early as June 30, 2008.

212.    Without WowWee's authorization or consent, with knowledge of WowWee's well-known and prior rights in their WowWee Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the WowWee Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the WowWee Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

213.    Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Counterfeit Products to the purchasing public in direct competition with WowWee, in or affecting interstate commerce, and/or have acted with reckless disregard of WowWee's rights in and to the WowWee Marks through their participation in such activities.

214.    Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the WowWee Marks to packaging, point-of-purchase materials, promotions, and/or

advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by WowWee, thereby making substantial profits and gains to which they are not entitled in law or equity.

215.    Defendants' unauthorized use of the WowWee Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by WowWee, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the WowWee Marks.

216.    Defendants' actions constitute willful counterfeiting of the WowWee Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

217.    As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to WowWee, their business, their reputations and their valuable rights in and to the WowWee Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which WowWee has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to WowWee and their valuable WowWee Marks.

218.    Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result

of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

219.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

220.    WowWee has continuously used the WowWee Word Mark in interstate commerce since at least as early as September 13, 2001, and the WowWee Logo Mark in interstate commerce since at least as early as June 30, 2008.

221.    WowWee, as owner of all right, title, and interest in and to the WowWee Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

222.    Defendants were, at the time they engaged in their actions as alleged herein, actually aware that WowWee is the owner of the federal trademark registrations for the WowWee Marks.

223.    Defendants did not seek, and thus inherently failed to obtain consent or authorization from WowWee, as the registered trademark owner of the WowWee Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell Fingerlings Products and/or related products bearing the WowWee Marks into the stream of commerce.

224.    Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold Infringing

Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the WowWee Marks and/or which are identical or confusingly similar to the WowWee Marks.

225.   Defendants knowingly and intentionally reproduced, copied, and colorably imitated the WowWee Marks and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Defendants' Infringing Products.

226.   Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that WowWee is the owner of all rights in and to the WowWee Marks.

227.   Defendants' egregious and intentional use of the WowWee Marks in commerce on or in connection with Defendants' Infringing Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Infringing Products, and is likely to deceive the public into believing that Defendants' Infringing Products are WowWee's Fingerlings Products or are otherwise associated with, or authorized by, WowWee.

228.   Defendants' actions have been deliberate and committed with knowledge of WowWee's rights and goodwill in the WowWee Marks, as well as with bad faith and the intent to cause confusion, mistake, and deception.

229.   Defendants' continued, knowing, and intentional use of the WowWee marks without WowWee's consent or authorization constitutes intentional infringement of WowWee's

federally registered WowWee Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

230. As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, WowWee has suffered substantial monetary loss and irreparable injury, loss and damage to their business and their valuable rights in and to the WowWee Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to WowWee and their valuable WowWee Marks.

231. Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
#### (False Designation of Origin, Passing Off & Unfair Competition)
#### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

232. WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

233. WowWee, as the owner of all right, title, and interest in and to the Fingerlings Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

234. The Fingerlings Marks are inherently distinctive and/or have acquired distinctiveness.

235.    Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of WowWee's Fingerlings Marks and Fingerlings Works, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Infringing Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Infringing Products are Fingerlings Products or related products, and/or that Defendants' Infringing Products are authorized, sponsored, approved, endorsed or licensed by Plaintiffs, and/or that Defendants are affiliated, connected or associated with WowWee, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, WowWee's Fingerlings Marks and Fingerlings Works, to Defendants' substantial profit in blatant disregard of WowWee's rights.

236.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products that are identical to, confusingly similar to, or which constitute colorable imitations of WowWee's Fingerlings Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of WowWee's Fingerlings Marks and Fingerlings Works, Defendants have traded off the extensive goodwill of WowWee and their Fingerlings Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Infringing Products, thereby directly and unfairly competing with WowWee.  Such conduct has permitted and will continue to permit Defendants to make

substantial sales and profits based on the goodwill and reputation of WowWee and their Fingerlings Marks, which Plaintiffs have amassed through their nationwide marketing, advertising, sales, and consumer recognition.

237.    Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of WowWee's Fingerlings Marks and Fingerlings Works would cause confusion, mistake, or deception among purchasers, users, and the public.

238.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake, and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of WowWee, its Fingerlings Products, Fingerlings Marks, and Fingerlings Works.

239.    As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to WowWee by depriving WowWee of sales of their Fingerling Products and by depriving WowWee of the value of their Fingerlings Marks and Fingerlings Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to WowWee and the goodwill and reputation associated with the value of Fingerlings Marks and Fingerlings Works.

240.    Based on Defendants' wrongful conduct, WowWee is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that WowWee has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants

as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Infringement of Unregistered Trademark)
### [15 U.S.C. § 1125/Lanham Act § 43(a)]

241.   WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

242.   WowWee has continuously used the Fingerlings Word Mark in interstate commerce since at least as early as May 24, 2017.

243.   WowWee, as the owner of all right, title, and interest in and to the Fingerlings Word Mark, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1125.

244.   Defendants were, at the time they engaged in their actions as alleged herein, actually aware that WowWee is the owner of the Fingerlings Word Mark.

245.   Defendants did not seek, and therefore necessarily failed, to obtain consent or authorization from WowWee, as the trademark owner of the Fingerlings Word Mark, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell Fingerlings Products and/or related products bearing WowWee's Fingerlings Word Mark into the stream of commerce.

246.   Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold Infringing Products bearing and/or utilizing marks that are reproductions, copies, and/or colorable imitations of the Fingerlings Word Mark and/or which are identical or confusingly similar to the Fingerlings Word Mark.

247.   Defendants knowingly and intentionally reproduced, copied, and colorably

imitated the Fingerlings Word Mark and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings, and/or advertisements used in commerce upon or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Defendants' Infringing Products.

248.   Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that WowWee is the owner of all rights in and to the Fingerlings Word Mark.

249.   Defendants' egregious and intentional use of WowWee's Fingerlings Word Mark in commerce on or in connection with Defendants' Infringing Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Infringing Products, and is likely to deceive the public into believing that Defendants' Infringing Products are WowWee's Fingerlings Products or are otherwise associated with or authorized by WowWee.

250.   Defendants' actions have been deliberate and committed with knowledge of WowWee's rights and goodwill in the Fingerlings Word Mark, as well as with bad faith and the intent to cause confusion, mistake, and deception.

251.   Defendants' continued, knowing, and intentional use of WowWee's Fingerlings Word Mark without WowWee's consent or authorization constitutes intentional infringement of WowWee's Fingerlings Word Mark in violation of §43 of the Lanham Act, 15 U.S.C. § 1125.

252.   As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, WowWee has suffered substantial monetary loss and irreparable injury, loss, and damage to its business and its valuable rights in and to WowWee's Fingerlings Word Mark and

the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to WowWee and its valuable Fingerlings Word Mark.

253.    Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained and will sustain as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

<div align="center">

**FIFTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

</div>

254.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

255.    WowWee is the exclusive owner of the Fingerlings Works.

256.    Defendants had actual notice of WowWee's exclusive rights in and to the Fingerlings Works.

257.    Defendants did not attempt and therefore inherently failed to obtain WowWee's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market WowWee's Fingerlings Products and/or Fingerlings Works.

258.    Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed WowWee's Fingerlings Works by manufacturing, importing, exporting,

advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products which bear such Fingerlings Works, or artwork that is, at a minimum, substantially similar to WowWee's Fingerlings Works.

259.    Defendants' unlawful and willful actions as alleged herein constitute infringement of WowWee's Fingerlings Works, including WowWee's exclusive rights to reproduce, distribute, and/or sell such Fingerlings Works in violation of 17 U.S.C. § 501(a).

260.    Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to WowWee in an amount as yet unknown but to be proven at trial, for which WowWee has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to WowWee.

261.    Based on Defendants' wrongful conduct, WowWee is entitled to injunctive relief, WowWee's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices Unlawful)
### [N.Y. Gen. Bus. Law § 349]

262.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

263.    Through Defendants' unlawful, unauthorized, and unlicensed use of WowWee's Fingerling Works and/or Fingerlings Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products which are identical and/or confusingly or substantially similar to WowWee's Fingerlings Products, Defendants have

engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

264.    Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade, or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure WowWee's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 349.

265.    As a result of Defendants' actions alleged herein, WowWee has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

266.    Pursuant to N.Y. Gen. Bus. Law. § 349(h), WowWee is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements, and attorneys' fees.

<div align="center">

**SEVENTH CAUSE OF ACTION**
**(False Advertising Unlawful)**
**[N.Y. Gen. Bus. Law § 350]**

</div>

267.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

268.    Without the authorization of WowWee, Defendants have used WowWee's Fingerlings Works and/or Fingerlings Marks and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to WowWee's Fingerlings Works and/or Fingerlings Marks in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products which are identical and/or confusingly or substantially similar to WowWee's

Fingerlings Products, causing confusion, mistake, and deceiving consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

269.   Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade, or commerce and has injured and will continue to injure WowWee's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 350.

270.   As a result of Defendants' actions alleged herein, WowWee has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

271.   Pursuant to N.Y. Gen. Bus. Law. § 350(e), WowWee is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements, and attorneys' fees.

### EIGHTH CAUSE OF ACTION
#### (Unfair Competition)
#### [New York Common Law]

272.   WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

273.   By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendants have traded off the extensive goodwill of WowWee and its Fingerlings Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with WowWee.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of WowWee which WowWee has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

274.    Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of WowWee's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

275.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

276.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of WowWee's rights, and for the wrongful purpose of injuring WowWee and its competitive position while benefiting Defendants.

277.    As a direct and proximate result of Defendants' aforementioned wrongful actions, WowWee has been and will continue to be deprived of substantial sales of its Fingerlings Products in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law, and WowWee has been and will continue to be deprived of the value of its Fingerlings Works and Fingerlings Marks as commercial assets in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law.

278.    As a result of Defendants' actions alleged herein, WowWee is entitled to injunctive relief, an order granting WowWee's damages and Defendants' profits stemming from

their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

## NINTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

279.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

280.    By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

281.    Defendants' retention of monies gained through its deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.


## PRAYER FOR RELIEF

**WHEREFORE**, WowWee prays for judgment against Defendants, inclusive, and each of them, as follows:

A.    For an award of Defendants' profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.    In the alternative to Defendants' profits and WowWee's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, for

statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, which WowWee may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and WowWee's damages in an amount to be proven at trial for willful trademark infringement of their federally registered WowWee Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of WowWee's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of WowWee's Fingerlings Works under 17 U.S.C. § 501(a);

F.      In the alternative to WowWee's actual damages and Defendants' profits for copyright infringement of WowWee's Fingerlings Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which WowWee may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to

N.Y. Gen. Bus. Law. § 350(e);

I.     For an award of damages to be proven at trial for common law unfair competition;

J.     For an award of damages in an amount to be proven at trial for unjust enrichment;

K.     For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

  i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

  ii. directly or indirectly infringing in any manner any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation WowWee's Fingerlings Marks or Fingerlings Works;

  iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Fingerlings Marks and Fingerlings Works to identify any goods or services not authorized by WowWee;

  iv. using any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or any other marks

or artwork that are confusingly or substantially similar WowWee's Fingerlings Works or Fingerlings Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products;

v.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with WowWee, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants and Defendants' commercial activities by WowWee;

vi.   engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.   engaging in any other actions that constitute unfair competition with WowWee;

viii.   engaging in any other act in derogation of WowWee's rights;

ix.   secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information

74

relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

x.  from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Infringing Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Storefronts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to accounts associated with or utilized by any Defendant or any Defendant's Storefront (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Infringing Products;

xi.  from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

xiii.  instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in

subparagraphs (i) through (xii) above; and

L.      For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to WowWee for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or bear any marks that are confusingly or substantially similar to WowWee's Fingerlings Works or Fingerlings Marks;

M.      For an order of the Court requiring that Defendants deliver up for destruction to WowWee any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or bear any marks that are confusingly or substantially similar to WowWee's Fingerlings Works or Fingerlings Marks pursuant to 15 U.S.C. § 1118;

N.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which

rightfully belong to WowWee;

P.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.     For WowWee's reasonable attorneys' fees;

R.     For all costs of suit; and

S.     For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

WowWee respectfully demands a trial by jury on all claims.

Dated: October 16, 2017

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY:

Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc., and*
*WowWee USA, Inc.*

# EXHIBIT A

**AUTHENTIC PRODUCTS**



## **AUTHENTIC PRODUCTS**



## AUTHENTIC PRODUCTS



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VAu 1-289-245

**Effective Date of Registration:**
March 28, 2017

---

## Title

**Title of Work:** FINGERLINGS MONKEY

## Completion/Publication

**Year of Completion:** 2016

## Author

- **Author:** WowWee Group Limited
  **Author Created:** sculpture
  **Work made for hire:** Yes
  **Citizen of:** Hong Kong

## Copyright Claimant

**Copyright Claimant:** WowWee Group Limited
92 Granville Rd, Tsim Sha Tsui East, Kowloon, Hong Kong

## Certification

**Name:** Howard R. Fine
**Date:** March 28, 2017

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kaynn Jayle Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-068-259

**Effective Date of Registration:**
September 21, 2017

---

## Title
_____

**Title of Work:** Fingerlings Monkey Packaging (1L)

## Completion/Publication
_____

**Year of Completion:** 2016
**Date of 1st Publication:** January 09, 2017
**Nation of 1st Publication:** United Kingdom

## Author
_____

- **Author:** WowWee Group Limited
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Citizen of:** Hong Kong

## Copyright Claimant
_____

**Copyright Claimant:** WowWee Group Limited
92 Granville Road, Tsim Sha Tsui East, Kowloon, Hong Kong

## Limitation of copyright claim
_____

**Material excluded from this claim:** 2-D artwork, Artwork of the individual Fingerlings monkey characters;
WowWee Robot Logo

**New material included in claim:** 2-D artwork

## Rights and Permissions
_____

**Organization Name:** Epstein Drangel LLP
**Name:** Jason M. Drangel
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification
_____



<table>
<tr><td>Help</td><td>Search</td><td>History</td><td>Titles</td><td>Start Over</td></tr>
</table>

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Fingerlings Unicorn
Search Results: Displaying 1 of 1 entries



*Fingerlings Unicorn.*

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002068835 / 2017-09-25 |
| **Application Title:** | Fingerlings Unicorn. |
| **Title:** | Fingerlings Unicorn. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | WowWee Group Limited. Address: 92 Granville Road, Tsim Sha Tsui East, Kowloon, Hong Kong. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2017-08-26 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | WowWee Group Limited, employer for hire; Citizenship: Hong Kong. Authorship: sculpture. |
| **Rights and Permissions:** | Jason M. Drangel, Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | WowWee Group Limited |



| Save, Print and Email (Help Page) |
|---|
| Select Download Format [Full Record ▼]  [Format for Print/Save] |
| Enter your email address: _____  [Email] |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright
Copyright Office Home Page  |  Library of Congress Home Page



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Fingerlings
Search Results: Displaying 12 of 13 entries



◄ previous   next ►

Labeled View

### *Fingerlings Sloth.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002070721 / 2017-09-25 |
| **Application Title:** | Fingerlings Sloth. |
| **Title:** | Fingerlings Sloth. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | WowWee Group Limited. Address: 92 Granville Road, Tsim Sha Tsui East, Kowloon, Hong Kong. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2017-09-09 |
| **Nation of First Publication:** | United Kingdom |
| **Authorship on Application:** | WowWee Group Limited, employer for hire; Citizenship: Hong Kong. Authorship: sculpture. |
| **Rights and Permissions:** | Jason M. Drangel, Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | WowWee Group Limited |



◄ previous   next ►

| **Save, Print and Email (Help Page)** | |
|---|---|
| Select Download Format | Full Record ▾ | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

# EXHIBIT C

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 87308272**
**Filing Date: 01/20/2017**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| **\*MARK** | <u>FINGERLINGS</u> |
| **\*STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | FINGERLINGS |
| **\*MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| **\*OWNER OF MARK** | WowWee Group Limited |
| **\*STREET** | 92 Granville Rd, Tsim Sha Tsui East |
| **\*CITY** | Kowloon |
| **\*COUNTRY** | Hong Kong |
| **LEGAL ENTITY INFORMATION** | |
| **\*TYPE** | CORPORATION |
| **\* STATE/COUNTRY OF INCORPORATION** | Hong Kong |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **\*INTERNATIONAL CLASS** | 028 |
| **\*IDENTIFICATION** | Collectable toy figures; Molded toy figures; Positionable toy figures; Toy animals; Toy figures |
| **\*FILING BASIS** | SECTION 1(b) |
| **ADDITIONAL STATEMENTS INFORMATION** | |
| **\*TRANSLATION** (if applicable) | |
| **\*TRANSLITERATION** (if applicable) | |

| *CLAIMED PRIOR REGISTRATION<br>(if applicable) | |
|---|---|
| *CONSENT (NAME/LIKENESS)<br>(if applicable) | |
| *CONCURRENT USE CLAIM<br>(if applicable) | |
| **ATTORNEY INFORMATION** | |
| **NAME** | Howard R. Fine |
| **ATTORNEY DOCKET NUMBER** | 034-333 |
| **FIRM NAME** | Howard R. Fine, Attorney at Law |
| **STREET** | 2100 Sanders Road, Suite 200 |
| **CITY** | Northbrook |
| **STATE** | Illinois |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 60062 |
| **PHONE** | 847-509-0045 |
| **FAX** | 847-919-4361 |
| **EMAIL ADDRESS** | howard@hfine.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **CORRESPONDENCE INFORMATION** | |
| *NAME | Howard R. Fine |
| FIRM NAME | Howard R. Fine, Attorney at Law |
| *STREET | 2100 Sanders Road, Suite 200 |
| *CITY | Northbrook |
| *STATE<br>(Required for U.S. addresses) | Illinois |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 60062 |
| PHONE | 847-509-0045 |
| FAX | 847-919-4361 |
| *EMAIL ADDRESS | howard@hfine.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| **APPLICATION FILING OPTION** | TEAS Plus |
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 225 |
| *TOTAL FEE PAID | 225 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /ERIC LAU/ |
| * SIGNATORY'S NAME | Eric Lau |

| * SIGNATORY'S POSITION | Duly authorized officer |
|---|---|
| SIGNATORY'S PHONE NUMBER | 852-27395288 |
| * DATE SIGNED | 01/20/2017 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 87308272**
**Filing Date: 01/20/2017**

## To the Commissioner for Trademarks:

**MARK:** FINGERLINGS (Standard Characters, see mark)
The mark in your application is FINGERLINGS.

The applicant, WowWee Group Limited, a corporation of Hong Kong, having an address of
   92 Granville Rd, Tsim Sha Tsui East
   Kowloon
   Hong Kong

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
   International Class 028:  Collectable toy figures; Molded toy figures; Positionable toy figures; Toy animals; Toy figures
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. (15 U.S.C. Section 1051(b)).

The applicant's current Attorney Information:
   Howard R. Fine of Howard R. Fine, Attorney at Law      2100 Sanders Road, Suite 200
   Northbrook, Illinois 60062
   United States
   847-509-0045(phone)
   847-919-4361(fax)
   howard@hfine.com (authorized)
The attorney docket/reference number is 034-333.
The applicant's current Correspondence Information:
   Howard R. Fine
   Howard R. Fine, Attorney at Law
   2100 Sanders Road, Suite 200
   Northbrook, Illinois 60062
   847-509-0045(phone)
   847-919-4361(fax)
   howard@hfine.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Plus status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /ERIC LAU/   Date: 01/20/2017
Signatory's Name: Eric Lau
Signatory's Position: Duly authorized officer
Signatory's Phone Number: 852-27395288
Payment Sale Number: 87308272
Payment Accounting Date: 01/23/2017

Serial Number: 87308272
Internet Transmission Date: Fri Jan 20 11:55:41 EST 2017
TEAS Stamp: USPTO/FTK-XX.XXX.XXX.XXX-201701201155417
16825-87308272-58012c41580147a1f31d03190
ff1f5c4bf4dafb30ab559087ac7fb37fa26e9b92
6-CC-8836-20170119144851738731

# FINGERLINGS

Int. Cls.: 9 and 28

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 3,289,747
Registered Sep. 11, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# WOW WEE

WOW WEE LIMITED (HONG KONG CORPORA-
TION)
ENERGY PLAZA UNIT 301-C, 92 GRANVILLE RD
TSIMSHATSUI EAST, HONG KONG

FOR: ROBOTS FOR PERSONAL OR HOBBY USE;
SOUND ACTIVATED ANIMATRONIC FACES AND
FIGURES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND
38).

FIRST USE 9-13-2001; IN COMMERCE 9-13-2001.

FOR: REMOTE CONTROL TOYS, NAMELY RO-
BOTS AND ANIMALS; TALKING TOYS; TOY ANI-
MALS AND ACCESSORIES THEREFORE; TOY
ROBOTS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 9-13-2001; IN COMMERCE 9-13-2001.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,118,265 AND
3,143,649.

SER. NO. 77-052,888, FILED 11-29-2006.

JERI J. FICKES, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,505,483**

**Registered Apr. 1, 2014**

**Int. Cls.: 9 and 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

WOWWEE GROUP LIMITED (HONG KONG CORPORATION)
92 GRANVILLE RD, TSIM SHA TSUI EAST
KOWLOON, HONG KONG

FOR: ROBOTS FOR PERSONAL OR HOBBY USE; SOUND ACTIVATED ANIMATRONIC FACES AND FIGURES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-30-2008; IN COMMERCE 6-30-2008.

FOR: REMOTE CONTROL TOYS, NAMELY, ROBOTS AND ANIMALS; TALKING TOYS; TOY ANIMALS AND ACCESSORIES THEREFOR; TOY ROBOTS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 6-30-2008; IN COMMERCE 6-30-2008.

THE MARK CONSISTS OF THE DEPICTION OF A ROBOTIC HEAD.

SER. NO. 86-078,153, FILED 9-30-2013.

TAMARA FRAZIER, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

<div style="border:1px solid black">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

>*First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

>*Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
>*See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

>You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

<div style="border:1px solid black">

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

</div>

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.