# UNITED STATES DISTRICT COURT

## for the

## Southern District of New York

| | | |
|---|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., and WOWWEE USA, INC. | ) ) ) | |
| Plaintiffs | ) | Civil Action No. 17-cv-7969 |
| v. | ) ) | |
| AAIWA ELECTRONIC TECHNOLOGY CO., LTD., et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CROSS MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND ORDER TO SHOW CAUSE PURSUANT TO F.R.C.P. 12(b)(5) AND IN OPPOSITION TO PLAINTIFFS' ORDER TO SHOW CAUSE SEEKING, AMONGST OTHERS, AN ASSET RESTRAINING ORDER**

Date: November 13, 2017

/s/ Walter D. Santiago, Jr.
Walter D. Santiago, Jr. [WS8616]
**Wong, Wong & Associates, P.C.**
150 Broadway, Suite 1588
New York, New York 10038
wsantiago@wongwonglaw.com
Tel: (212) 566-8080
Fax: (212) 566-8960

## TABLE OF CONTENTS

                                                                           **Page**

PRELIMINARY STATEMENT .................................................................................... 1

PROCEDURAL POSTURE .................................................................................... 1-2

LEGAL ARGUMENT .................................................................................... 2

    **I.**     **PLAINTIFFS' COMPLAINT AND ORDER TO SHOW CAUSE SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(5)** ...................................... 2

            a)   Standard or review .................................................................................... 2-3
            b)   Hague Convention Requirements ............................................................ 3-4
            c)   Application of Law to Facts ..................................................................... 4

**II.** **IN THE ALTERNATIVE PLAINTIFFS ARE NOT ENTITLED TO A TEMPORARY OR PRELIMINARY ASSET FREEZE AS THE BALANCE OF HARDSHIPS TIPS IN FAVOR OF THE DEFENDANTS AND THERE ARE ADEQAUTE REMEDIES AT LAW** ................................................................. 4

      i.    Standard for a Temporary Restraining Order/Preliminary Injunction ........... 4-5
      ii.   Application of Law to Facts ........................................................................ 5-6

            a)   The balance of hardships tips in favor of Defendants ............................. 5-6
            b)   The movant can be fully recompensed by a monetary award ................... 6

CONCLUSION .................................................................................... 7

# TABLE OF AUTHORITIES

                                                                      **Page**

**Federal Cases**

*Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005) .................................. 3

*Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir.1985)......................................... 5

*JSG Trading Corp. v. Tray–Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir.1990) ........................ 6

*Levi Strauss & Co. v. Sunrise Intern. Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) . 5

*Preston v. New York,* 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002) .................................. 2

*Reuters v. United Press Int'l*, 903 F.2d 904, 907 (2d Cir.1990) ..................................... 5

*Sanofi–Synthelabo v. Apotex, Inc.,* 488 F.Supp.2d 317, 326 (S.D.N.Y.2006) ................ 4

*Sulzer MixPac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329 (S.D.N.Y. 2015) ............. 4

*Three Crown Ltd. v. Caxton Corp.*, 817 F. Supp. 1033, 1050 (S.D.N.Y. 1993) ............ 2

*Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir.1989) ............ 6

*Turick by Turick v. Yamaha Motor Corp., USA*, 121 F.R.D. 32, 34 (S.D.N.Y. 1988) 3-4

*U.S. v. Schulz,* 517 F.3d 606, 607 (2d Cir.2008) ............................................................ 5

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988) .............. 3

*Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.,* 451 F. Supp. 2d 585, 587 (S.D.N.Y. 2006) ....................................................................................... 2

*Zhang v. Baidu.com Inc.,* 932 F. Supp. 2d 561, 567 (S.D.N.Y. 2013) ........................... 3

**State Cases**

*Richard Manno & Co., Inc. v. Manno*, 946 N.Y.S.2d 69 (2012) ..................................... 5

**Statutes**

   15 U.S.C. § 1117 ......................................................................................................... 6
   17 U.S.C. § 504 ........................................................................................................... 6

**Rules**

   F.R.C.P. 12(b)(5) ......................................................................................................... 2
   F.R.C.P. 4(f)(1) ............................................................................................................ 3

**Treaties**

The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, November 15, 1965, Article 10 ................ 3

**PRELIMINARY STATEMENT**

Defendants, Ebuy360 Outlet Store, Shenzhen Bolt Innovation Technology Co., Ltd., Shenzhen Listing Technology Co., Ltd., Shop2949193 Store, Bustriend Store, TUMI Official Store/TUMIpetlife, and Anthony's International Trade (hereinafter collectively referred to as "Defendants"), respectfully submit this memorandum of law in opposition to the Order to Show Cause filed by Plaintiffs, Wowwee Group Limited, Wowwee Canada, Inc., and Wowwee USA, Inc. (hereinafter collectively referred to as "Plaintiffs") in which Plaintiffs request, amongst others, an asset restraining order. By way of this Cross-Motion and Opposition, Defendants respectfully request this Court to issue an Order Dismissing Plaintiffs' Complaint and Order to Show Cause pursuant to F.R.C.P. 12(b)(5), or, in the alternative, to lift the temporary asset freeze as to the aforementioned Defendants.

**PROCEDURAL POSTURE**

Plaintiffs, by and through their counsel, filed a Complaint and Order to Show Cause against Defendants in the United States District Court for the Southern District of New York on or about October 17, 2017. *See* Declaration of Walter D. Santiago, Jr. ("Santiago Dec.") ¶ 2 and Exhibit A attached thereto. On October 17, 2017, the Honorable Robert W. Sweet, U.S.D.J., entered the following: (1) a Temporary Restraining Order ("TRO"); (2) Order to Show Cause why a Preliminary Injunction should not issue; (3) an Asset Restraining Order; (4) Order Authorizing service by electronic means; and (5) Order authorizing expedited discovery. *See* Santiago Dec. ¶ 3 and Exhibit B attached thereto. The aforementioned Order dated October 17, 2017, set a return date of October 25, 2017. *See id.*, at ¶ 4. On October 18, 2017, Plaintiffs forwarded correspondence to the Court requesting to adjourn the return date to November 1, 2017, so as to allow Plaintiffs additional time to effect service on all named defendants. *See id.*,

at ¶ 4 and Exhibit C attached thereto. Plaintiffs request for an adjournment was granted. *See id*. On November 1, 2017, Defendants failed to appear in the instant action and, as a result, this Court entered an Order maintaining the relief granted in the October 17, 2017 Order for an additional fourteen (14) days, and adjourned the hearing date until November 15, 2017. *See id.*, at ¶ 7 and Exhibit D attached thereto. Defendants retained this firm on November 9, 2017, and this firm immediately began settlement discussions with Plaintiffs' counsel. However, counsel for Plaintiffs and Defendants have been unable to reach an amicable resolution of this matter, and, therefore, Defendants respectfully submit the within memorandum of law requesting this Court to Dismiss Plaintiffs' Complaint and Order to Show Cause pursuant to F.R.C.P. 12(b)(5), or, in the alternative, to lift the temporary asset freeze as to these Defendants.

## **LEGAL ARGUMENT**

### I. **PLAINTIFFS' COMPLAINT AND ORDER TO SHOW CAUSE SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(5)**

#### a) **Standard of Review**

The Federal Rules of Civil Procedure allow a Court to dismiss an action for "insufficiency of service of process." F.R.C.P. 12(b)(5). In a Rule 12(b)(5) motion, the party making the service has the burden of demonstrating validity when an objection to the service is made. *Preston v. New York,* 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)(when a defendant raises as a 12(b) "challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy."); *see also Three Crown Ltd. v. Caxton Corp*., 817 F. Supp. 1033, 1050 (S.D.N.Y. 1993). Valid service is crucial to asserting personal jurisdiction over a defendant. *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.,* 451 F. Supp. 2d 585, 587 (S.D.N.Y. 2006).

Since the Defendants are residents of the Republic of China, Federal Rule of Civil Procedure 4(f) is applicable. Under Federal Rule of Civil Procedure 4(f)(1), service of process upon individuals of foreign countries may be effected "by any internationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Convention," F.R.C.P. 4(f)(1). As both the United States and the China are signatories to The Hague Convention, that pact governs service of process in this case. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988). *Volkswagenwerk Aktiengesellschaft* held that service under the Hague Convention is mandatory when serving a foreign defendant in a signatory country. *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 699 (1988).

b) **Hague Convention Requirements**

The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state. *Id*. While service through a country's Central Authority is the principal means of service under The Hague Convention, Article 10 of the Convention permits other forms of service, such as service "by postal channels" or through judicial officers, provided that the state of destination does not object. *See* The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, November 15, 1965, Article 10; *see also Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005). China opposes Article 10 and other forms of service. *Zhang v. Baidu.com Inc.,* 932 F. Supp. 2d 561, 567 (S.D.N.Y. 2013).

Therefore, service pursuant to the Central Authority was necessary in the above-entitled matter. As a ratified treaty, the Hague Convention is the controlling and binding authority over the above entitled-action. *See e.g. Turick by Turick v. Yamaha Motor Corp., USA*, 121 F.R.D. 32,

3

34 (S.D.N.Y. 1988) ("Hence, service on YMC, a foreign corporation, is governed by the Hague Convention").

### c) Application of Law to Facts

According to the Plaintiffs', service was "effectuated" by electronic mail. This is expressly not allowed for Chinese defendants pursuant to the Hague Convention. *See* Santiago Dec. ¶ 9 and Exhibit E attached thereto. Although this Court has held that such an objection does not include service by e-mail and further, that service by e-mail is not prohibited by any international agreement, this Court has held that the Plaintiff shall show its due diligence of attempts to serve Defendants through the Hague Convention. *See Sulzer MixPac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329 (S.D.N.Y. 2015). In contrast to case law cited by Plaintiffs, Plaintiffs failed to use the Central Authority, and instead sidestepped the treaty because, assumingly, electronic mail is easier and less of a hassle. Plaintiffs have not attempted to serve Defendants through the Hague Convention, failed to make multiple queries to the Chinese Central Authority, and have failed to diligently keep the Court apprised of these efforts. Therefore, since service was improper, the Complaint must be dismissed as against these Defendants.

## II. IN THE ALTERNATIVE PLAINTIFFS ARE NOT ENTITLED TO A TEMPORARY OR PRELIMINARY ASSET FREEZE AS THE BALANCE OF HARDSHIPS TIPS IN FAVOR OF THE DEFENDANTS AND THERE ARE ADEQAUTE REMEDIES AT LAW

### i. Standard for a Temporary Restraining Order/Preliminary Injunction

In seeking a temporary restraining order and/or a preliminary injunction a movant must show: (1) a reasonable likelihood of success on the merits; (2) irreparable harm if the injunction were not granted; (3) the balance of the hardships; and (4) the impact of the injunction on the public interest. *Sanofi–Synthelabo v. Apotex, Inc.,* 488 F.Supp.2d 317, 326 (S.D.N.Y.2006).

"Factors militating against the granting of preliminary injunctive relief include: 1) that the movant can be fully recompensed by a monetary award or other adequate remedy at law…" *Richard Manno & Co., Inc. v. Manno*, 946 N.Y.S.2d 69 (2012).

### ii. **Application of Law to Facts**

#### a) **The balance of hardships tips in favor of Defendants.**

Here, the balance of hardships clearly tips in favor of Defendants. Plaintiffs request an order from this Court freezing the entirety of Defendants assets located within Defendants' online accounts to preserve Plaintiffs right to the relief sought. However, upon information and belief, several Defendants have not gained any profits from the alleged infringing products, while others have profited minimally, if at all. During the pendency of the disputed asset freeze, upon information and belief, Defendants will be restrained from engaging in all online transactions involving their frozen accounts, which, upon information and belief, do not include the subject products. A court may exempt any particular assets from the freeze on the ground that they are not linked to the profits of allegedly illegal activity. *Levi Strauss & Co. v. Sunrise Intern. Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995). Furthermore, "[i]njunctive relief should be narrowly tailored to fit the specific legal violations." *U.S. v. Schulz,* 517 F.3d 606, 607 (2d Cir.2008) (quoting *Soc'y for Good Will to Retarded Children, Inc. v. Cuomo,* 737 F.2d 1239, 1251 (2d Cir.1984)).

Due to time constraints, this firm has been unable to obtain affidavits from Defendants and documentary evidence establishing that Defendants did not gain profits or minimally profited from the alleged sales of infringing products and maintain inventories consisting of other products aside from those in dispute. However, Defendants are willing to submit affidavits and documentary evidence to substantiate that the accounts frozen maintain products that are not

in dispute and profits derived from products other than those disputed or no profits at all. As such, the balance of hardships tips in favor of Defendants, and, therefore, this Court should remove the asset freeze.

### b) **The movant can be fully recompensed by a monetary award.**

Here, it is equally clear that the movants can be fully recompensed by a monetary award. The showing of irreparable harm is "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir.1985). An irreparable injury is one that cannot be redressed through a monetary award. *Reuters v. United Press Int'l*, 903 F.2d 904, 907 (2d Cir.1990) (holding that to be considered "irreparable," an injury must "be one incapable of being fully remedied by monetary damages"). Where monetary damages are adequate compensation, a preliminary injunction will not issue. *JSG Trading Corp. v. Tray–Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir.1990). Monetary loss will not suffice unless the movant shows damage that cannot be rectified by financial compensation. *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir.1989). The law in this circuit requires a showing that irreparable damages are likely, not merely possible. *JSG Trading Corp.*, 917 F.2d at 79. The statutory scheme of the 15 U.S.C. § 1117 and 17 U.S.C. § 504 allow Plaintiffs to elect awards of either actual damages and profits or statutory damages. In either case, an approximate calculation can be made upon the submission of documentary evidence by Defendants establishing the profits gained, if any, from the alleged infringement. Therefore, Plaintiffs can be fully recompensed by a monetary award, and, as a result, this Court should remove the asset freeze.

## CONCLUSION

Based on the foregoing, it is respectfully requested that this Court remove the asset freeze and award Defendants such other and further relief as the Court deems just and proper.

**WONG, WONG & ASSOCIATES, P.C.**
*Attorneys for Defendants*, Ebuy360 Outlet Store, Shenzhen Bolt Innovation Technology Co., Ltd., Shenzhen Listing Technology Co., Ltd., Shop2949193 Store, Bustriend Store, TUMI Official Store/TUMIpetlife, and Anthony's International Trade


By:    /s/ Walter D. Santiago, Jr.
        Walter D. Santiago, Jr.

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Jason M. Drangel, Esq.
Ashly E. Sands, Esq.
Spencer Wolgang, Esq.
Mary Kate Brennan, Esq.
**Epstein Drangel LLP**
*Attorneys for Plaintiffs*
60 East 42nd Street, Suite 2520
New York, New York 10165
Tel: (212) 292-5390
Fax: (212) 292-5391
jdrangel@ipcounselors.com
asands@ipcounselors.com
swolgang@ipcounselors.com
mbrennan@ipcounselors.com