Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc., and*
*WowWee USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., and WOWWEE USA, INC., *Plaintiffs* <br><br> v. <br><br> AAIWA ELECTRONIC TECHNOLOGY CO., LTD., ABCDEFGH STORE, ACESPOWER, ALLWESOME STORE, ANTHNOY'S INTERNATIONAL TRADE, A.K.A. ANTONY INTERNATIONAL TRADE, BABY LOVINY STORE, BAY KITCHENWARES STORE, BEIJING FULIO TECH AND TRADING CO., LTD. A/K/A FULIO, BOOKFONG DOUDOU STORE, BUSTRIEND STORE, HCY SCIENCE AND TECHNOLOGY LTD. A/K/A HCY BONG HIGH CLUB, CIXI CITY MAYEE ELECTRIC APPLIANCE CO., LTD., DAVIDHE STORE, DONGGUAN EREALER ELECTRONIC TECHNOLOGY CO., LTD. A/K/A EREALER INDUSTRIAL (HONGKONG) CO., LIMITED, DONGGUAN INGLEBY MECHANICAL EQUIPMENT CO., LTD , DONGGUAN MUSHANG SILICONE&PLASTIC PRODUCTS CO., LTD., DONGGUAN SEORY DECO CO., LTD. , | **Civil Action No. 17-cv-7969 (RWS)** <br><br> **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' 1) APPLICATION FOR A TEMPORARY RESTRAINING ORDER; 2) AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) ASSET RESTRAINING ORDER; 4) ORDER AUTHORIZING ALTERNATIVE SERVICE BY ELECTRONIC MEANS AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** |

DONGGUAN YUYANG MUSICAL INSTRUMENT CO., LTD. A/K/A MAGNA UKELELE GUITAR, E_SHOP2008 A/K/A SHEN ZHEN, EBUY360 OUTLET STORE, ECIGMOD, EDC HAND SPIN STORE, EIFFELBRIDE, FIDGET SPINNERS STORE, FINGER_MONKEY_DHGATE, FUZHOU JOINTOP IMP. & EXP. CO., LTD. A/K/A JOINTOP, GUANGZHOU HANG SHENG TECHNOLOGY CO., LTD. , GUNTOY STORE, HEFEI SUNHOPE TRADE CO., LIMITED, HONG JING BUSINESS, HT BOUTIQUE TOY STORE, JINJIANG HUIHAO HARDWARE CO., LTD. A/K/A JINJIANG HUIHAO HARDWARE PLASTIC HANDICRAFT CO., LTD., JOA STORE, KID&LOVE STORE A/K/A KIDS & LOVE , KUAILEMENG'S TOY WORLD STORE, KYSHADOW A/K/A CRYSTAL KYSHADOW, LEADINGSTAR RC TOY STORE, LM TOY STORE, MAGIC_PARADISE, MY TOY WORLD, NANJING BABYTOP INTERNATIONAL TRADING CO., LTD., NINGBO TOPTEN INDUSTRY CO., LTD., ONLINE STORE 236134, OUTDOORCLUBS, PETREL GOO, PLEASURE SHOPPING BLOCKS TOY STORE, QINGDAO CLUNT BEARING CO., LTD., SAMANTHALEE STORE, SESAME TOY STORE, SHAANXI KEYSUN BIO-TECH CO., LTD. A/K/A KAI CHENG INDUSTRIAL CO., LIMITED, SHANGHAI RONDY TOYS CO., LTD., SHANGHAI2010, SHANTOU CHENGHAI GUANGYI MEIJIN PLASTIC TOYS FACTORY, SHENZHEN AIDAR TRADING CO., LTD., SHENZHEN ANTHOME TECHNOLOGY CO., LTD., SHENZHEN ARES TECHNOLOGY LIMITED, SHENZHEN ASPERO TECHNOLOGY CO., LTD., SHENZHEN ATOY TECHNOLOGY CO., LTD., SHENZHEN BAIYI TECHNOLOGY CO., LTD., SHENZHEN BAOLIFENG OPTO-ELEC CO., LTD., SHENZHEN BETTER NEW GIFT DESIGN DEPT. A/K/A SZ BETTER LIMITED, SHENZHEN BO XIN RONG TECHNOLOGY

CO., LTD., SHENZHEN BOLT INNOVATION TECHNOLOGY CO., LTD., SHENZHEN CHUNBELL ELECTRONIC CO., LTD., SHENZHEN CITY SYART TRADE COMPANY LTD., SHENZHEN CO-FRIENDSHIP TRADING CO., LTD., SHENZHEN DST TECH CO., LTD., SHENZHEN EASYSMOKS TECHNOLOGY CO., LTD., SHENZHEN EUNION TECHNOLOGY CO., LTD., SHENZHEN FAVORITE TECHNOLOGY CO., LTD., SHENZHEN FIRE-WOLF ELECTRONICS CO., LTD., SHENZHEN FIVE STAR TRADING CO., LTD., SHENZHEN GARUDA TECHNOLOGY LIMITED A/K/A GARUDA GROUP , SHENZHEN GDC TILLWELL TECHNOLOGY LTD., SHENZHEN GOLD COST TECHNOLOGY CO., LTD., SHENZHEN GOOKY TECHNOLOGY CO., LTD., SHENZHEN GOWELL TECHNOLOGY CO., LTD. (G-WIRELESS), SHENZHEN HANBETER TECHNOLOGY CO., LTD. , SHENZHEN HENGFULONG TECHNOLOGY CO., LTD., SHENZHEN HI FORTUNE TECHNOLOGY CO., LTD., SHENZHEN HIPER SONG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN HLS ELECTRONIC TECHNOLOGY LIMITED, SHENZHEN HONGTAIDINGYE ELECTRONICS CO., LTD. , SHENZHEN ISM TECHNOLOGY CO., LTD., SHENZHEN IWELLGLOBAL TECHNOLOGY CO., LTD., SHENZHEN JIEDAKE TECHNOLOGY CO., LTD., SHENZHEN JIJIALASI INDUSTRIAL CO., LTD., SHENZHEN JINGXIN SCIENCE&TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN JINPIN BALANCE TECHNOLOGY CO., LTD, SHENZHEN JOYSTAR ELECTRONICS CO., LTD., SHENZHEN JUTUO SUPPLY CHAIN CO., LTD., SHENZHEN JXK TECHNOLOGY CO., LTD, SHENZHEN KAREN M ELECTRONICS CO., LTD., SHENZHEN KARISIN IMPORT&EXPORT CO., LTD., SHENZHEN KINGSWAY TECHNOLOGY CO., LTD. , SHENZHEN KISN TECHNOLOGY CO.,

LIMITED., SHENZHEN LANYOS INTELLIGENT TECHNOLOGY CO.,LTD, SHENZHEN LCOSE ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN LEADINGPLUS ELECTRONIC CO., LTD., SHENZHEN LEYI INDUSTRIAL CO., LTD., SHENZHEN LIPENGDA CULTURAL GIFT CO., LTD., SHENZHEN LISTING TECHNOLOGY CO., LTD., SHENZHEN LONG SHENG CENTURY TECHNOLOGY CO., LTD., SHENZHEN MYTASTE RJX HARDWARE CO., LTD, SHENZHEN NAVATA TECHNOLOGY CO., LTD., SHENZHEN NEW IMAGE TECHNOLOGY CO., LTD , SHENZHEN OREBO TECHNOLOGIES LTD., SHENZHEN ORHONG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN QIO TECHNOLOGY CO., LTD., SHENZHEN QUEST TECHNOLOGY CO., LTD., SHENZHEN SHENYUAN TECH CO., LTD., SHENZHEN SKYVIEW TECHNOLOGY LIMITED, SHENZHEN SMOFIT TECHNOLOGY CO., LTD., SHENZHEN SPDAK TECHNOLOGY COMPANY LIMITED, SHENZHEN SPRI TECHNOLOGY CO., LTD., SHENZHEN SUNFIRE TECHNOLOGY CO., LTD., SHENZHEN TECHNOLI TECHNOLOGY CO., LTD., SHENZHEN USMART ELECTRONICS TECHNOLOGY CO., LTD. , SHENZHEN VCEEGO TECHNOLOGY CO., LTD., SHENZHEN VFOCUS ELECTRONIC TECHNOLOGY R&D CO., LTD., SHENZHEN V-VISION TECHNOLOGY CO., LTD., SHENZHEN WELLCORE TECHNOLOGY CO., LTD., SHENZHEN WOW GIFT CO., LTD., SHENZHEN XINGAOSHENG TECHNOLOGY CO., LTD., SHENZHEN XINHAOYUAN TECHNOLOGY CO., LTD. SHENZHEN XZD TECHNOLOGY CO., LTD., SHENZHEN YUWAY TECHNOLOGY CO., LTD. , SHENZHEN Z-COOL TIMES TECHNOLOGY CO., LTD., SHENZHEN ZMART TECHNOLOGY CO., LTD., SHENZHEN ZOOMING ELECTRONIC CO., LTD., AIPIN STORE, SHOP2949193 STORE,

SHOP319037 STORE, STEPHAN STORE STORE, HONG KONG SUPERFAST TECHNOLOGY CO. LTD. A/K/A SUPERFAST, SUPERGLOBAL, SUZHOU LN PROMO CO., LTD., SUZHOU SWEETDRESSES WEDDINGDRESS CO. LTD. A/K/A SWEETDRESSES, SHENZHEN CITY POLY HUI FOREIGN TRADE CO., LTD. A/K/A SZ_ST_LUO, SZALONE1, TEEM TECHNOLOGY CO., LTD. A/K/A SQUISHIES THEA STORE, TUKIIE STORE, TUMI OFFICIAL STORE, TUMIPETLIFE STORE, XIAMEN JIAYIKANG ENVIRONMENTAL TECHNOLOGY CO., LTD., XIAMEN WINDSAIL, OUTDOOR GEAR & SPORTING GOODS CO., LTD., SHENZHEN BITIAN TECHNOLOGY LTD., XQBOSS STORE, YIWU BRIOSTA APPARELS FACTORY, YIWU CONA SPORTS CO., LTD., YIWU ECO BAOYU E-BUSINESS FIRM, YIWU GREEN SHINE ARTS & CRAFTS CO., LTD. , YIWU GREEN SHINE GIFTS AND TOYS CO., LTD., YIWU HUI ZHE TRADING CO., LTD., YIWU KUOTAI TRADING CO., LTD., YIWU RUIMIAN E-COMMERCE TRADING FIRM, AND ZHIMEI ONLINE A/K/A ZHIYUANWEDDING,
*Defendants*

## I. PRELIMINARY STATEMENT

Plaintiffs WowWee Group Limited, WowWee Canada, Inc. and WowWee USA, Inc. ("WowWee" or "Plaintiffs") submit this memorandum of law in further support of their *ex parte*[1] application for an order to show cause why a preliminary injunction, inclusive of an asset restraining order, should not issue against above-referenced Defendants (and more completely identified in Paragraphs 8 through 162 of the Complaint) in light of Defendants' intentional and willful offering for sale and/or sales of Counterfeit Products ("Application").[2]

This lawsuit involves the rampant counterfeiting of Fingerling Products, which are hand-held robotic toys designed to look like, for example, monkeys, unicorns and sloths. They are wildly popular and widely recognized as the must-have toy product for 2017, as indicated by the toy industry's leaders and major news outlets. Notably, Fingerlings Products are marketed at children as young as five. The popularity and demand for the Fingerlings Products are only increasing during the holiday season.

## II. PROCEDURAL HISTORY

On October 17, 2017, Hon. Paul A. Crotty entered an Order granting Plaintiffs' Application to file the action under seal. *See* Dkt. 1. Also on October 17, 2017, the Court entered an Order granting Plaintiffs' Application ("October 17, 2017 Order"). *See* Dkt. 21. As per the terms of the October 17, 2017 Order, the Order to Show Cause Hearing was scheduled for October 25, 2017, Defendants' opposing papers were due on or before October 23, 2017 and Plaintiffs' reply papers were due on or before October 24, 2017. On October 18, 2017, the Court So-Ordered Plaintiffs request that the Order to Show Cause Hearing be adjourned until November 1, 2017. *See* Dkt. 22.

On November 1, 2017, Plaintiffs appeared before the Court for the Order to Show Cause

---

[1] On November 2, 2017, the Court entered an Order unsealing this matter. *See* Dkt. 5.
[2] If a defined term is not defined within, please refer to the definitions included in the Application or Complaint.

1

Hearing. On the same day, November 1, 2017, the Court entered an Order Extending the Temporary Restraining Order and Adjourning the Order to Show Cause Hearing ("November 1, 2017 Order"). *See* Dkt. 6. As per the November 1, 2017 Order, the Order to Show Cause Hearing was adjourned until November 15, 2017 at 11:00 a.m. *See id.*

On November 13, 2017, Defendant Ebuy360 Outlet Store, Defendant Shenzhen Bolt Innovation Technology Co., Ltd., Defendant Shenzhen Listing Technology Co., Ltd., Defendant Shop2949193 Store, Defendant Bustriend Store, Defendant TUMI Official Store/TUMIpetlife and Defendant Anthony's International Trade (collectively, "Moving Defendants") filed a Cross Motion to Dismiss Plaintiffs' Complaint and Order to Show Cause and Opposition to Plaintiffs' Order to Show Cause ("Moving Defendants' Motion"). *See* Dkt. 26.

Here, Plaintiffs specifically address Moving Defendants' Opposition[3] and respectfully request that the October 17, 2017 Order be converted into a Preliminary Injunction inclusive of an asset restraining order.

### III. PLAINTIFFS HAVE ESTABLISHED THAT THEY WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF AN INJUNCTION AND THAT THEY ARE ENTITLED TO AN PRE-JUDGMENT ASSET FREEZE ORDER PRVENTING THE FRADULANT TRANSFER OF ASSETS

In their Opposition, Moving Defendants erroneously argue, without providing any support, that Plaintiffs are not entitled to an asset freeze because the balance of hardships weighs in their favor and because Plaintiffs' can be "recompensed by a monetary award." Plaintiffs, however, have established through declarations supported by evidence that Moving Defendants' offering for sale and sale of substandard Counterfeit Products, which are virtually indistinguishable from Plaintiffs' Fingerlings Products and/or which bear marks and/or works which are identical or confusingly or substantially similar to Plaintiffs' Fingerlings Marks and

---

[3] The Court granted Plaintiffs' request for an extension of time to oppose Moving Defendants' dispositive motion to dismiss pursuant to F.R.C.P. 12(b)(5). *See* Dkt. 27.

Fingerlings Works, in wholesale quantities, at significantly below-market prices has caused, and will continue to cause, Plaintiffs irreparable injury in the form of lost sales, loss of pricing power, loss of quality control, loss of control of its reputation and potential exposure to legal liability for any injury to consumers, who are notably young children, from using Counterfeit Products, none of which are compensable by money damages alone. *See generally* Yanofsky Dec. and Brennan Dec.

Accordingly, since the "standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction," (*Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *see also Winter v. Nat. Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)), and Plaintiffs have met these standards, they respectfully submit that a preliminary injunction should issue at this time.

### A. **Plaintiffs Have Unequivocally Demonstrated Irreparable Harm and That the Balance of Hardships Tips in Their Favor**

Moving Defendants have failed to set forth any evidence whatsoever to rebut Plaintiffs' demonstration that they have already suffered considerable irreparable harm to their business, the reputation and goodwill that they have developed in the Fingerlings Marks and Fingerlings Works, which they will continue to suffer should Moving Defendants be permitted to continue operating their infringing and illegal businesses. Here, Plaintiffs have clearly identified the hardships that they will face in the absence of the Preliminary Injunction which contains an asset freeze order, including: 1) the destruction of the inherent value of Plaintiffs' Fingerlings Products; 2) the impairment of Plaintiffs' reputation for providing quality products; 3) the dilution of Plaintiffs' brand and goodwill; 4) the negative impact on Plaintiffs' relationships with its business partners and current customers; 5) Plaintiffs' loss of control over the reputation of its

3

Fingerlings Products and 6) the denial of Plaintiffs' fundamental rights to control the quality of the goods sold under its Fingerlings Marks. *See generally* Yanofsky Dec. and Brennan Dec.

Moving Defendants' bald assertions that the balance of hardships clearly tips in favor of Moving Defendants is highly specious. Wrongly, Moving Defendants contend that they cannot engage in any online transactions involving their frozen accounts. Furthermore, and without providing any evidence to the contrary, Moving Defendants assert that their User Accounts did not offer for sale and/or sell Counterfeit Products. Nevertheless, the evidence attached as Exhibit D to the Complaint clearly demonstrates that all Defendants, including Moving Defendants, offered for sale and/or sold Counterfeit Products. The assets restrained pursuant to the TRO, and which Plaintiffs respectfully request continue to be restrained, are directly related to the User Accounts through which Moving Defendants offered for sale and/or sold Counterfeit Products. Simply put, Moving Defendants additional bank accounts were not frozen pursuant to the TRO and they are free to conduct business with those assets. While it is true that the Court has the power to "exempt any particular assets from the freeze on the ground that they [are] not linked to the profits of the allegedly illegal activity," the burden is on the party seeking relief to "present documentary proof that particular assets [are] not the proceeds of counterfeiting activities." *See N. Face Apparel Corp.*, 2006 U.S. Dist. LEXIS 14226, at *11 (quoting *Cartier Int'l B.V. v. Liu*, 2003 U.S. Dist. LEXIS 6381, at *1 (S.D.N.Y. 2003). In the Second Circuit, courts have found that "[a] willful infringer should not be able to unilaterally limit a damages award by unsubstantiated states of the fruits of her infringement." *Coach, Inc.*, 2012 U.S. Dist. LEXIS 52565, at *8 – 9. The proof Moving Defendants must put forth is to be specific in nature, such as sales records. *See generally Klipsch Group, Inc. v. Big Box Store Ltd.*, 2012 U.S. Dist. LEXIS 149507, at *6-9 (S.D.N.Y. 2012). As Moving Defendants acknowledge, they have not provided

4

documentary evidence showing that the assets frozen are not the result of the sale of Counterfeit Products. Therefore, they have failed to meet their burden and Plaintiffs respectfully submit that a preliminary injunction including an asset restraint order is appropriate and necessary at this time.

Plaintiff is further and irreparably harmed by sellers who offer and insert counterfeit goods into the marketplace. "[T]he public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *Diesel S.P.A. v. Does*, 2016 WL 96171, at *10 (S.D.N.Y. Jan. 8, 2016). Here, the issuance of a preliminary injunction is absolutely critical because the Counterfeit Products offered for sale and/or sold by all Defendants – including Moving Defendants – pose serious hazards to children. Plaintiffs have demonstrated that such counterfeiting and infringing activities have caused Plaintiffs irreparable injury in the form of unquantifiable lost sales, loss of goodwill, loss of pricing power and loss of control of its reputation with licensees, retailers and consumers, as well as Plaintiffs' potential exposure to legal liability for any injury to consumers that may result from use of Moving Defendants' substandard Counterfeit Products, none of which are compensable by money damages alone. Plaintiffs further demonstrated that Moving Defendants' actions also caused Plaintiffs to lose control over the reputation of Plaintiffs' Fingerlings Marks, as well as the fundamental right to control the quality of the goods sold under Plaintiffs' Fingerlings Marks. Accordingly, Plaintiffs respectfully submit that the issuance of a preliminary injunction is necessary and appropriate.

## B. The Court Should Exercise tis Inherent Equitable Authority to Freeze Defendants' Assets

Plaintiffs submit that as part of a preliminary injunction, an asset freeze order remains necessary and proper in the instant matter, including against Moving Defendants. District Courts

have the inherent equitable authority to freeze assets, where, as here, the plaintiff asserts a claim for final *equitable* relief, "and the preliminary injunction is ancillary to the final relief." *See Gucci Am. v. Bank of China*, 768 F.3d 122, 130-31 (2d Cir. 2014) (citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999)). In *Gucci Am. Inc. v. Bank of China*, the Second Circuit expressly affirmed the Court's authority to freeze counterfeiters' assets "in favor of plaintiffs seeking an accounting against allegedly infringing defendants in Lanham Act cases," whether such assets are located in the United States or abroad, and "impos[ed] on a defendant the obligation to disclose and return profits." 768 F.3d 122, 131 (2d Cir. 2014); *see also Balenciaga Am., Inc. v. Dollinger*, 2010 U.S. Dist. LEXIS 107733, at *23-24 (S.D.N.Y. 2010); *see also, e.g., Tiffany (NJ) LLC v. Forbse*, 2012 U.S. Dist. LEXIS 72148, at *35 (S.D.N.Y. 2012); *Wishnatzki & Nathel, Inc. v. H.P. Island-Wide, Inc.*, 2000 U.S. Dist. LEXIS 15664 (S.D.N.Y. 2000); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 164 F.3d 656 (2d Cir. 1998) and *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532 (2d Cir. 1996). Here, Plaintiffs' Complaint requests (1) an award of Defendants' profits pursuant to 15 U.S.C. § 1117(a), and (2) complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their infringing and/or counterfeiting activities. The Lanham Act specifically entitles a plaintiff who establishes a violation of its rights in connection with a registered trademark, "subject to the principles of *equity*, to recover . . . defendant's profits." 15 U.S.C. § 1117(a) (emphasis added).

A key component of a Court's determination to issue a freeze on a defendant's assets is the consideration that a defendant might hide their illegal ill-gotten funds if their assets were not frozen. *See Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 737 F. Supp. 1521, 1527 (S.D. Cal. 1990). Courts generally have accepted that counterfeiters engaged in activities similar

and/or identical to those of Moving Defendants are likely to secret their funds gained as a result of the sale of counterfeit goods in order to prevent them from being used to satisfy a judgment. In their Opposition, Moving Defendants fail to account for Plaintiffs' well-founded fear that the assets in the accounts affected by the TRO's asset restraining order are Moving Defendants' only funds and accounts and/or that the businesses Plaintiffs have thus far identified are Moving Defendants' only businesses. The Lanham Act provides that at any time before final judgment is rendered, a trademark owner may elect to recover an award of statutory damages rather than actual damages for the use of a counterfeit mark in connection with goods or services in the amount of: 1) "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just," or 2) if the use of the counterfeit mark is found to be willful, up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c). Similarly, Section 504(c) of the Copyright Act allows a plaintiff to elect either statutory damages or actual damages for copyright infringement. A copyright owner may elect statutory damages in the amount of "not less than $750 or more than $30,000 as the court considers just" with respect to any one work. 17 U.S.C.A. § 504(c)(1).[4] Alternatively, where a court finds willful infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.00." 17 U.S.C. § 504(c)(2). Here, the assets currently frozen pursuant to the TRO are woefully insufficient to satisfy any potential judgment of statutory

---

[4] Plaintiffs respectfully submit that an award of $50,000.00 for each Defendants' willful violation of either Act or both Acts is appropriate under the circumstances of this case and the Court has made similar awards in the past. *See, e.g., Rovio Entertainment Ltd. and Rovio Animation OY v. Angel Baby Factory d/b/a Angelbaby_Factory, et al.*, No. 17-cv-1840-KPF (S.D.N.Y. Sept. 13, 2017) Dkt. 65 and *Ontel Products Corp. v. Airbrushpainting Makeup Store, et al.*, No. 17-cv-871-KBF (S.D.N.Y. June 30, 2017) *Dkt. 41*

7

damages to which Plaintiffs may be entitled to pursuant to 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c) against each Moving Defendant.[5]

Consequently, Plaintiffs respectfully submit that the Court, as it previously has done in similar instances, enter a preliminary injunction which extends the asset freeze included in the TRO because under 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b), a plaintiff in an action arising thereunder is entitled to recover a defendant's profits derived from the counterfeiting and/or infringement and/or plaintiff's damages. *See, e.g., Allstar Marketing Group, LLC v. GB Housewear Store, et al.*, No. 17-cv-7596-SHS. Dkt. 22 (S.D.N.Y. Oct. 12, 2017); *Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al.*, No. 17-cv-7422-DLC, Dkt. 19. (S.D.N.Y. Sept. 28, 2017); *Spin Master Ltd. and Spin Master, Inc. v. Amy & Benton Toys and Gifts Co., Ltd., et al.*, No. 17-cv-5845-VSB, Dkt. 17 (S.D.N.Y. Aug. 4, 2017); *Ontel Products Corp. v. Auto Mall et al.*, No. 17-cv-5190-AT, Dkt. 6 (S.D.N.Y. July 18, 2017); *Rovio Entertainment Ltd. and Rovio Animation OY v. Best Baby and Kid Store, et al.*, No. 17-cv-4884-KPF, Dkt. 3 (S.D.N.Y. June 28, 2017); *Ideavillage Products Corp. v. chinafocus et al.*, No. 17-cv-3894-RA, Dkt. 19 (S.D.N.Y. May 24, 2017); *Moose Toys Pty LTD et al. v. Guangzhou Junwei Trading Company d/b/a Backgroundshop et al.*, No. 17-cv-2561-LAK, Dkt. 12 (S.D.N.Y. May 11, 2017); *Rovio Entertainment Ltd. and Rovio Animation OY v. Angel Baby Factory d/b/a Angelbaby_factory et al.*, No. 17-cv-1840-KPF, Dkt. 11 (S.D.N.Y. March 27, 2017); *Ontel Products Corporation v. Airbrushpainting Makeup Store a/k/a Airbrushespainting et al.*, No. 17-cv-871-KBF, Dkt. 20 (S.D.N.Y. Feb. 6, 2017) and *Ideavillage Products Corp. v. Bling Boutique Store, et al.*, No. 1:16-cv-09039-KMW, Dkt. 3 (S.D.N.Y. Dec. 8, 2016).

---

[5] Pursuant to the TRO, the following assets have been restrained, totaling $15,765.64 between all seven Moving Defendants: Defendant Ebuy360 Outlet Store: $523.74; Defendant Shenzhen Bolt Innovation Technology Co., Ltd.: $259.70; Defendant Shenzhen Listing Technology Co., Ltd.: $1,171.04; Defendant Shop2949193 Store: $8,425.88; Defendant Bustriend Store: $2,013.52; Defendant TUMI Official Store/TUMIpetlife: $1,614.04 and Defendant Anthony's International Trade: $1,757.72.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that a Preliminary Injunction be entered which includes an order preventing the fraudulent transfer of assets.

Dated: November 14, 2017

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: _____
Mary-Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs
WowWee Group Limited,
WowWee Canada, Inc, and
WowWee USA, Inc.*