Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc., and*
*WowWee USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., and WOWWEE USA, INC., *Plaintiffs* <br><br> v. <br><br> AAIWA ELECTRONIC TECHNOLOGY CO., LTD., ABCDEFGH STORE, ACESPOWER, ALLWESOME STORE, ANTHNOY'S INTERNATIONAL TRADE, A.K.A. ANTONY INTERNATIONAL TRADE, BABY LOVINY STORE, BAY KITCHENWARES STORE, BEIJING FULIO TECH AND TRADING CO., LTD. A/K/A FULIO, BOOKFONG DOUDOU STORE, BUSTRIEND STORE, HCY SCIENCE AND TECHNOLOGY LTD. A/K/A HCY BONG HIGH CLUB, CIXI CITY MAYEE ELECTRIC APPLIANCE CO., LTD., DAVIDHE STORE, DONGGUAN EREALER ELECTRONIC TECHNOLOGY CO., LTD. A/K/A EREALER INDUSTRIAL (HONGKONG) CO., LIMITED, DONGGUAN INGLEBY MECHANICAL EQUIPMENT CO., LTD , DONGGUAN MUSHANG SILICONE&PLASTIC PRODUCTS CO., LTD., DONGGUAN SEORY DECO CO., LTD. , | **CIVIL ACTION No. 17-cv-7969(RWS)** <br><br> **PLAINTIFFS' OPPOSITION TO MOVING DEFENDANTS' CROSS MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

DONGGUAN YUYANG MUSICAL INSTRUMENT CO., LTD. A/K/A MAGNA UKELELE GUITAR, E_SHOP2008 A/K/A SHEN ZHEN, EBUY360 OUTLET STORE, ECIGMOD, EDC HAND SPIN STORE, EIFFELBRIDE, FIDGET SPINNERS STORE, FINGER_MONKEY_DHGATE, FUZHOU JOINTOP IMP. & EXP. CO., LTD. A/K/A JOINTOP, GUANGZHOU HANG SHENG TECHNOLOGY CO., LTD. , GUNTOY STORE, HEFEI SUNHOPE TRADE CO., LIMITED, HONG JING BUSINESS, HT BOUTIQUE TOY STORE, JINJIANG HUIHAO HARDWARE CO., LTD. A/K/A JINJIANG HUIHAO HARDWARE PLASTIC HANDICRAFT CO., LTD., JOA STORE, KID&LOVE STORE A/K/A KIDS & LOVE , KUAILEMENG'S TOY WORLD STORE, KYSHADOW A/K/A CRYSTAL KYSHADOW, LEADINGSTAR RC TOY STORE, LM TOY STORE, MAGIC_PARADISE, MY TOY WORLD, NANJING BABYTOP INTERNATIONAL TRADING CO., LTD., NINGBO TOPTEN INDUSTRY CO., LTD., ONLINE STORE 236134, OUTDOORCLUBS, PETREL GOO, PLEASURE SHOPPING BLOCKS TOY STORE, QINGDAO CLUNT BEARING CO., LTD., SAMANTHALEE STORE, SESAME TOY STORE, SHAANXI KEYSUN BIO-TECH CO., LTD. A/K/A KAI CHENG INDUSTRIAL CO., LIMITED, SHANGHAI RONDY TOYS CO., LTD., SHANGHAI2010, SHANTOU CHENGHAI GUANGYI MEIJIN PLASTIC TOYS FACTORY, SHENZHEN AIDAR TRADING CO., LTD., SHENZHEN ANTHOME TECHNOLOGY CO., LTD., SHENZHEN ARES TECHNOLOGY LIMITED, SHENZHEN ASPERO TECHNOLOGY CO., LTD., SHENZHEN ATOY TECHNOLOGY CO., LTD., SHENZHEN BAIYI TECHNOLOGY CO., LTD., SHENZHEN BAOLIFENG OPTO-ELEC CO., LTD., SHENZHEN BETTER NEW GIFT DESIGN DEPT. A/K/A SZ BETTER LIMITED, SHENZHEN BO XIN RONG TECHNOLOGY

CO., LTD., SHENZHEN BOLT INNOVATION TECHNOLOGY CO., LTD., SHENZHEN CHUNBELL ELECTRONIC CO., LTD., SHENZHEN CITY SYART TRADE COMPANY LTD., SHENZHEN CO-FRIENDSHIP TRADING CO., LTD., SHENZHEN DST TECH CO., LTD., SHENZHEN EASYSMOKS TECHNOLOGY CO., LTD., SHENZHEN EUNION TECHNOLOGY CO., LTD., SHENZHEN FAVORITE TECHNOLOGY CO., LTD., SHENZHEN FIRE-WOLF ELECTRONICS CO., LTD., SHENZHEN FIVE STAR TRADING CO., LTD., SHENZHEN GARUDA TECHNOLOGY LIMITED A/K/A GARUDA GROUP , SHENZHEN GDC TILLWELL TECHNOLOGY LTD., SHENZHEN GOLD COST TECHNOLOGY CO., LTD., SHENZHEN GOOKY TECHNOLOGY CO., LTD., SHENZHEN GOWELL TECHNOLOGY CO., LTD. (G-WIRELESS), SHENZHEN HANBETER TECHNOLOGY CO., LTD. , SHENZHEN HENGFULONG TECHNOLOGY CO., LTD., SHENZHEN HI FORTUNE TECHNOLOGY CO., LTD., SHENZHEN HIPER SONG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN HLS ELECTRONIC TECHNOLOGY LIMITED, SHENZHEN HONGTAIDINGYE ELECTRONICS CO., LTD. , SHENZHEN ISM TECHNOLOGY CO., LTD., SHENZHEN IWELLGLOBAL TECHNOLOGY CO., LTD., SHENZHEN JIEDAKE TECHNOLOGY CO., LTD., SHENZHEN JIJIALASI INDUSTRIAL CO., LTD., SHENZHEN JINGXIN SCIENCE&TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN JINPIN BALANCE TECHNOLOGY CO., LTD, SHENZHEN JOYSTAR ELECTRONICS CO., LTD., SHENZHEN JUTUO SUPPLY CHAIN CO., LTD., SHENZHEN JXK TECHNOLOGY CO., LTD, SHENZHEN KAREN M ELECTRONICS CO., LTD., SHENZHEN KARISIN IMPORT&EXPORT CO., LTD., SHENZHEN KINGSWAY TECHNOLOGY CO., LTD. , SHENZHEN KISN TECHNOLOGY CO.,

LIMITED., SHENZHEN LANYOS INTELLIGENT TECHNOLOGY CO.,LTD, SHENZHEN LCOSE ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN LEADINGPLUS ELECTRONIC CO., LTD., SHENZHEN LEYI INDUSTRIAL CO., LTD., SHENZHEN LIPENGDA CULTURAL GIFT CO., LTD., SHENZHEN LISTING TECHNOLOGY CO., LTD., SHENZHEN LONG SHENG CENTURY TECHNOLOGY CO., LTD., SHENZHEN MYTASTE RJX HARDWARE CO., LTD, SHENZHEN NAVATA TECHNOLOGY CO., LTD., SHENZHEN NEW IMAGE TECHNOLOGY CO., LTD , SHENZHEN OREBO TECHNOLOGIES LTD., SHENZHEN ORHONG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN QIO TECHNOLOGY CO., LTD., SHENZHEN QUEST TECHNOLOGY CO., LTD., SHENZHEN SHENYUAN TECH CO., LTD., SHENZHEN SKYVIEW TECHNOLOGY LIMITED, SHENZHEN SMOFIT TECHNOLOGY CO., LTD., SHENZHEN SPDAK TECHNOLOGY COMPANY LIMITED, SHENZHEN SPRI TECHNOLOGY CO., LTD., SHENZHEN SUNFIRE TECHNOLOGY CO., LTD., SHENZHEN TECHNOLI TECHNOLOGY CO., LTD., SHENZHEN USMART ELECTRONICS TECHNOLOGY CO., LTD. , SHENZHEN VCEEGO TECHNOLOGY CO., LTD., SHENZHEN VFOCUS ELECTRONIC TECHNOLOGY R&D CO., LTD., SHENZHEN V-VISION TECHNOLOGY CO., LTD., SHENZHEN WELLCORE TECHNOLOGY CO., LTD., SHENZHEN WOW GIFT CO., LTD., SHENZHEN XINGAOSHENG TECHNOLOGY CO., LTD., SHENZHEN XINHAOYUAN TECHNOLOGY CO., LTD. SHENZHEN XZD TECHNOLOGY CO., LTD., SHENZHEN YUWAY TECHNOLOGY CO., LTD. , SHENZHEN Z-COOL TIMES TECHNOLOGY CO., LTD., SHENZHEN ZMART TECHNOLOGY CO., LTD., SHENZHEN ZOOMING ELECTRONIC CO., LTD., AIPIN STORE, SHOP2949193 STORE,

SHOP319037 STORE, STEPHAN STORE STORE, HONG KONG SUPERFAST TECHNOLOGY CO. LTD. A/K/A SUPERFAST, SUPERGLOBAL, SUZHOU LN PROMO CO., LTD., SUZHOU SWEETDRESSES WEDDINGDRESS CO. LTD. A/K/A SWEETDRESSES, SHENZHEN CITY POLY HUI FOREIGN TRADE CO., LTD. A/K/A SZ_ST_LUO, SZALONE1, TEEM TECHNOLOGY CO., LTD. A/K/A SQUISHIES THEA STORE, TUKIIE STORE, TUMI OFFICIAL STORE, TUMIPETLIFE STORE, XIAMEN JIAYIKANG ENVIRONMENTAL TECHNOLOGY CO., LTD., XIAMEN WINDSAIL, OUTDOOR GEAR & SPORTING GOODS CO., LTD., SHENZHEN BITIAN TECHNOLOGY LTD., XQBOSS STORE, YIWU BRIOSTA APPARELS FACTORY, YIWU CONA SPORTS CO., LTD., YIWU ECO BAOYU E-BUSINESS FIRM, YIWU GREEN SHINE ARTS & CRAFTS CO., LTD. , YIWU GREEN SHINE GIFTS AND TOYS CO., LTD., YIWU HUI ZHE TRADING CO., LTD., YIWU KUOTAI TRADING CO., LTD., YIWU RUIMIAN E-COMMERCE TRADING FIRM, AND ZHIMEI ONLINE A/K/A ZHIYUANWEDDING,
*Defendants*

# I. PRELIMINARY STATEMENT

Plaintiffs WowWee Group Limited, WowWee Canada, Inc. and WowWee USA, Inc. ("WowWee" or "Plaintiffs") submit this memorandum of law[1] in opposition to the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) filed by Defendant Ebuy360 Outlet Store, Defendant Shenzhen Bolt Innovation Technology Co., Ltd., Defendant Shenzhen Listing Technology Co., Ltd., Defendant Shop2949193 Store, Defendant Bustriend Store, Defendant TUMI Official Store, Defendant TUMIpetlife, Defendant Anthony's International Trade and Defendant Aawia Electronic Technology Co., Ltd.[2] (collectively, "Moving Defendants"). Moving Defendants concede that they have received the Summons and Complaint, which were duly served by Plaintiffs pursuant to this Court's Order dated October 17, 2017. Notwithstanding Moving Defendants' actual notice of the Summons and Complaint and Plaintiffs' lawful service of the same pursuant to Fed. R. Civ. 4(f)(3), which further complies with the law of the Second Circuit and this Court's Order, Moving Defendants now improperly object to and challenge the sufficiency of service of process than this Court deemed appropriate under the controlling Federal Rules in an unwarranted attempt to escape litigation in this Court.

This lawsuit involves Defendants' - including Moving Defendants' - rampant counterfeiting of Fingerling Products, which are interactive, hand-held robotic toys designed to look like various animals and/or other characters (*e.g.*, monkeys, unicorns and sloths) that are marketed to young children. The Fingerlings Products are wildly popular and widely recognized as the must-have toy product for 2017, as indicated by the toy industry's leaders and major news outlets. The popularity and demand for the Fingerlings Products have only increased during the

---

[1] If a defined term is not defined within, please refer to the definitions included in the Application or Complaint.
[2] Defendant Aawia Electronic Technology Co., Ltd. requested permission to join other Moving Defendants in their Cross Motion to Dismiss Plaintiffs' Complaint and Order to Show Cause and Opposition to Plaintiffs' Order to Show Cause on November 14, 2017. *See* Dkt. 29. Plaintiffs do not waive any objections to Defendant Aawia Electronic Technology Co., Ltd.'s late request.

1

holiday season. Unfortunately, and to Plaintiffs' extreme detriment, their Fingerlings Products have become targets for unscrupulous individuals and entities, such as Moving Defendants, who exploit the goodwill, reputation and fame of the Fingerlings Products by offering for sale and/or selling products bearing and/or using WowWee's Fingerlings Marks[3] and/or marks that are confusingly similar to, identical to and constitute an infringement of WowWee's Fingerlings Marks and/or displaying and/or incorporating WowWee's Fingerlings Works[4] and/or works that are substantially similar to, identical to and constitute infringement of WowWee's Fingerlings Works (hereinafter collectively referred to as "Counterfeit Products" or "Infringing Products"). As part of its on-going anti-counterfeiting efforts and in an attempt to combat Plaintiffs' resultant irreparable injuries – lost sales, loss of pricing power, loss of quality control, loss of control of its reputation and potential exposure to legal liability for any injury to consumers, who are notably young children – Plaintiffs filed the instant action.

## II. PROCEDURAL HISTORY

On October 17, 2017, Hon. Paul A. Crotty entered an Order granting Plaintiffs' Application to file the action under seal.[5] *See* Dkt. 1. Also on October 17, 2017, the Court entered an Order granting Plaintiffs' Application ("October 17, 2017 Order"). *See* Dkt. 21. As part of the October 17, 2017 Order, this Court Ordered alternative service pursuant to Fed. R. Civ. P. 4(f)(3). *See id.* On October 26, 2017, all Defendants were served with the October 17, 2017 Order, together with the Summons, Complaint and all papers filed in support of Plaintiff's Application, in accordance with the October 17, 2017 Order. *See* Dkt. 23. Specifically, Moving

---

[3] Plaintiffs own the following U.S. Trademarks: U.S. Trademark Registration Nos. 3,289,747 for "WOW WEE" for a variety of goods in Class 9 and Class 28, 4,505,483 for a variety of goods in Class 9 and Class 28 and 5,325,724 for FINGERLINGS for a variety of goods in Class 28.

[4] Plaintiffs own the following U.S. Copyright Registrations: U.S. Copyright Reg. Nos. VAu 1-289-245, covering the Fingerlings Monkey, VA 2-068-259, covering the Fingerlings Monkey Packaging, VA 2-068-835, covering the Fingerlings Unicorn, VA 2-070-852, covering the Fingerlings Unicorn Packaging, VA 2-070-721, covering the Fingerlings Sloth, VA 2-074-389, covering the Fingerlings Sloth Packaging and TX-8-431-649, covering the Fingerlings Monkey User Manual.

[5] On November 2, 2017, the Court entered an Order unsealing this matter. *See* Dkt. 5.

Defendants were served by email using RPost's registered email system and by messaging through the system for communications established by the Third Party Service Providers on their respective platforms (*i.e.* Alibaba.com, AliExpress.com and DHGate.com). Both the emails and messages provided Moving Defendants with links to the following website where the relevant documents were, and still are, published: http://www.ipcounselorslawsuit.com/wowwee-aaiwa. *See id.*; *see also* RPost receipts and screenshots of Third Party Service Providers messaging related to each Moving Defendant attached hereto as Exhibit A.[6]

Also as per the terms of the October 17, 2017 Order, the Order to Show Cause Hearing was scheduled for October 25, 2017. *See id.* On October 18, 2017, the Court So-Ordered Plaintiffs request that the Order to Show Cause Hearing be adjourned until November 1, 2017. *See* Dkt. 22. On November 1, 2017, Plaintiffs appeared before the Court for the Order to Show Cause Hearing. On the same day, November 1, 2017, the Court entered an Order Extending the Temporary Restraining Order and Adjourning the Order to Show Cause Hearing ("November 1, 2017 Order"). *See* Dkt. 6. As per the November 1, 2017 Order, the Order to Show Cause Hearing was adjourned until November 15, 2017 at 11:00 a.m. *See id.*

On November 13, 2017, Moving Defendants filed a Cross Motion to Dismiss Plaintiffs' Complaint and Order to Show Cause and Opposition to Plaintiffs' Order to Show Cause ("Moving Defendants' Motion"). *See* Dkt. 26. On November 14, 2017, Plaintiffs filed a reply brief in support of their Application. *See* Dkt. 27. The Court subsequently granted Plaintiffs' request for an extension of time to oppose Moving Defendants' dispositive motion to dismiss

---

[6] The following Moving Defendants responded directly to Plaintiffs prior to obtaining counsel: 1) on October 31, 2017, Defendant Shenzhen Bolt Innovation Technology Co., Ltd. sent Plaintiffs a message through Alibaba.com in response to service of the Summons and Complaint, 2) on October 31, 2017, Defendant Shenzhen Listing Technology Co., Ltd. sent Plaintiffs a message through Alibaba.com in response to service of the Summons and Complaint, 3) on October 26, 2017, Defendant Anthony's International Trade emailed Plaintiffs in response to service of the Summons and Complaint and 4) on October 30, 2017, Defendant Aawia Electronic Technology Co., Ltd. sent Plaintiffs a message through AliExpress.com in response to service of the Summons and Complaint. True and correct copies of aforementioned correspondence are attached hereto as Exhibit B.

pursuant to F.R.C.P. 12(b)(5) and set an oral argument on the Motion to Dismiss for December 13, 2017. *See* Dkt. 30. On November 15, 2017, Plaintiffs and Moving Defendants appeared before the Court at which time the Court again adjourned the Order to Show Cause Hearing and extended the Temporary Restraining Order until December 13, 2017. In the instant Opposition, Plaintiffs oppose Moving Defendants' Motion to Dismiss and respectfully submit that it must be denied in its entirety since Plaintiffs properly effected service on all Defendants, including Moving Defendants, in accordance with the Court's October 17, 2017 Order.

### III. MOVING DEFENDANTS' MOTION TO DISMISS MUST BE DENIED IN ITS ENTIRETY

Moving Defendants are individuals and/or businesses that are located in China but conduct business in the United States and other countries by means of their respective online storefronts opened through Defendants' User Accounts[7] on Alibaba.com, AliExpress.com and DHgate.com ("Digital Marketplaces"). Generally, Defendants conduct their online counterfeiting businesses as elusively as possible and go to great lengths to conceal their physical addresses in order to avoid detection and legal repercussions. Therefore, in their Application, Plaintiffs requested that pursuant to Fed. R. Civ. P. 4(f)(3) the Court issue an order granting them permission to serve each respective Defendant via the following combination of electronic methods: 1) registered electronic mail, 2) messaging through Defendants' Storefronts and 3) website publication. The Court granted Plaintiffs' request for alternative service pursuant to Fed. R. Civ. P. 4(f)(3) in the October 17, 2017 Order. *See* Dkt. 21.

Moving Defendants do not argue that they failed to receive the October 17, 2017 Order, together with the Summons, Complaint and all papers filed in support of Plaintiff's Application

---

[7] User Accounts is defined as "and/or any and all accounts with the online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Alibaba and DHgate, such as Alibaba.com, AliExpress.com and DHgate.com ('Third Party Service Providers'), including, without limitation, the Digital Marketplaces, held by or associated with Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them."

4

in their Motion to Dismiss. *See* Ex. B. Rather, Moving Defendants speciously contend that despite serving Moving Defendants in accordance with this Court's October 17, 2017 Order, Plaintiffs failed to effect service properly. Misguidedly, Moving Defendants contend that the Court erred in granting alternative service pursuant to Fed. R. Civ. P. 4(f)(3). As fully briefed in Plaintiffs' Application, courts have regularly approved alternative forms of service pursuant to Fed. R. Civ. P. 4(f)(3)[8] and have routinely authorized service by electronic mail or messaging in similar cases where defendants, like Moving Defendants, are anonymous counterfeiters based in China, for which Plaintiffs have only been able to confirm functioning email addresses or correspond through online messaging.[9] Since service by electronic means, specifically by email and/or messaging through Moving Defendants' Storefronts, was the method of service most likely to provide Moving Defendants with proper notice of this Action, the alternative service granted by the Court pursuant to Fed. R. Civ. P. 4(f)(3) was proper.[10]

---

[8] *See Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at *7 (S.D.N.Y. 2007) (noting that federal courts have approved service via email as an appropriate means of service under Fed. R. Civ. P. 4) (collecting cases); *see also Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (holding that service by email of an online business "was constitutionally acceptable," as such method of service was reasonably calculated to apprise defendant of the pendency of the action and afford it an opportunity to respond and was the method of service most likely to reach defendant).

[9] *See, e.g., Dama S.P.A. v. Doe*, No. 15-cv-4528 (VM), 2015 U.S. Dist. LEXIS 178076, at *6-7 (S.D.N.Y. June 12, 2015); *AW Licensing, LLC v. Bao*, No. 15- CV-1373, 2015 U.S. Dist. LEXIS 177101, at *18-19 (S.D.N.Y. Apr. 1, 2015); Temporary Restraining Order [Dkt. No. 7], *The Nat'l Football League v. Chen Cheng d/b/a nfljerseydiscount.com*, No. 11-Civ-0344 (WHP), at 10-12 (S.D.N.Y. Jan. 19, 2011); Preliminary Injunction Order [Dkt. No. 5], *Tory Burch, LLC v. Yong Sheng Int'l Trade Co., Ltd.*, No. 1:10-cv-09336 (DAB), at 9-10 (S.D.N.Y. Dec. 17, 2010); Temporary Restraining Order [Dkt. No. 11], *PRL USA Holdings, Inc. v. Kiat*, No. 10-Civ-6456 (PGG), at 7 (S.D.N.Y. Sept. 1, 2010); Temporary Restraining Order [Dkt. No. 14], *North Face Apparel Corp. v. Jun Song*, No. 10-Civ-5604 (LTS), at 7 (S.D.N.Y. Mar. 2, 2010); Temporary Restraining Order [Dkt. No. 15], *North Face Apparel Corp. v. Fujian Sharing Import & Export Ltd. Co.*, No. 10-Civ-1630 (AKH), at 7 (S.D.N.Y. Mar. 2, 2010); *FTC v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, at *20 (ordering service by Facebook messaging); *Lipenga v. Kambalame*, No. GJH-14-3980, 2015 U.S. Dist. LEXIS 172778, at *9 (D. Md. 2015) (finding service via Facebook and email appropriate under Rule 4(f)(3)).

[10] *See Dama S.P.A.*, 2015 U.S. Dist. LEXIS 178076, at *7 (finding where service by email or other electronic means will provide adequate notice under Rule 4(f), such service is warranted and should be granted); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 309 (1950).

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(5) Standard

"In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look [ ] to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler*, 186 F.Supp.3d 318, 320 (S.D.N.Y. 2016). "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (quoting *Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co.*, No. 13-CV-7639 (LTS), 2016 WL 3926449, at *2 (S.D.N.Y. July 15, 2016) (citation omitted); accord *Khan v. Khan*, 360 Fed.Appx. 202, 203 (2d Cir. 2010) (summary order)).

In deciding a Rule 12(b)(5) motion, the courts must look to Fed. R. Civ. P. 4. *DeLuca v. AccessIT Grp., Inc.*, 695 F.Supp.2d 54, 64 (S.D.N.Y. 2010). As Moving Defendants acknowledge, since they are located in China, Fed. R. Civ. P. (4)(f), which provides options for properly effecting service on foreign defendants, governs. Fed. R. Civ. P. 4(f)(3) explicitly allows for service "by other means not prohibited by international agreement, as the court orders." Notably, "[s]ervice under subsection [4(f)] (3) is *neither a last resort nor extraordinary relief. It is merely one means among several* which enables service of process on an international defendant." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015) (quoting *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505, 2012 U.S. Dist. LEXIS 12383, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (internal citations omitted)) (emphasis added). Moreover, "[t]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010). As aforementioned, in its discretion, the Court provided for alternative service pursuant to Fed.

R. Civ. P. 4(f)(3) in its October 17, 2017 Order. *See* Dkt. 21.

## B. **Plaintiffs Properly Served Defendants Pursuant to this Court's Order Issued Under Fed. R. Civ. P. 4(f)(3)**

In their Motion to Dismiss, Moving Defendants baselessly argue that Plaintiffs must effect service pursuant to Fed. R. Civ. P. 4(f)(1), completing ignoring the existence of Fed. R. Civ. P. 4(f)(3). *See Advanced Aerofoil Techs*, 2012 WL 299959 at *1 ("Generally, there is no hierarchy among the subsections in Rule 4(f)"). Wrongly, and in contradiction to the well-supported argument that Plaintiffs set forth in their Application and which this Court granted, Moving Defendants submit that the alternative service Ordered by this Court "sidestepped the [Hague Convention] because, assumingly, electronic mail is easier and less of a hassle." The Hague Convention, however, specifies that it "shall not apply where the address of the person to be served with the document is not known." Hague Convention, November 15, 1965, Article 1. Here, the addresses of Defendants, including Moving Defendants, are unknown and unverifiable. Consequently, the requirements of the Hague Convention cannot and do not apply. *See id.*

As detailed in Plaintiffs' application, the reason that Plaintiffs were unable to ascertain Moving Defendants addresses is because sellers operating storefronts on the Digital Marketplaces, like Moving Defendants, use evasive tactics – specifically posting no or false addresses – to conceal their identities and avoid detection. Moreover, the Digital Marketplaces do not require the disclosure of sellers' registered business names or trade names, addresses or other contact information. To further conceal their identities, sellers on the Digital Marketplaces often use shipping or delivery services, such as EMS and DHL, which provide minimal tracking and/or contain false or incomplete return addresses. The evidence attached as Exhibit D to the Complaint illustrates the lack of information available to Plaintiffs due to Defendants' purposeful attempts to achieve anonymity. Without any reliable method of obtaining Defendants'

7

addresses, Plaintiffs requested alternative service pursuant to Fed. R. Civ. P. 4(f)(3) which was granted by this Court in its October 17, 2017 Order.

Further, Fed. R. Civ. P. 4(f)(3) enables a court to grant an alternative method of service so long as it: "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480, at *7 (S.D.N.Y. Feb. 8, 2009). First, this Court affirmatively has held that China's objection to service by postal channels under Article 10 of the Hague Convention does not include service by email. *See Sulzer Mixpac AG*, 312 F.R.D. at 332. Second, service on Moving Defendants pursuant to the October 17, 2017 Order comports with due process, as it "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." *Mullane*, 339 U.S. at 309.

In fact, Courts in this Circuit have routinely authorized alternative service in cases analogous to the instant one, "where a defendant was . . . alleged to be an online China-based counterfeiting network linked to a functioning email address but which otherwise remained anonymous." *Dama S.P.A.*, 2015 U.S. Dist. LEXIS 178076, at *6-7; *see also AW Licensing, LLC*, 2015 U.S. Dist. LEXIS 177101, at *18-19 (by demonstrating that service by registered electronic mail would provide adequate notice to defendants, the Court ordered that the plaintiff may continue to serve process on defendants by email); *Allstar Marketing Group, LLC v. GB Housewear Store, et al.*, No. 17-cv-7596-SHS, Dkt. 22 (S.D.N.Y. Oct. 12, 2017); *Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al.*, No. 17-cv-7422-DLC, Dkt. 19. (S.D.N.Y. Sept. 28, 2017); *Spin Master Ltd. and Spin Master, Inc. v. Amy & Benton Toys and Gifts Co., Ltd., et al.*, No. 17-cv-5845-VSB, Dkt. 17 (S.D.N.Y. Aug. 4, 2017); *Ontel Products Corp. v. Auto Mall et al.*, No. 17-cv-5190-AT, Dkt. 6 (S.D.N.Y. July 18, 2017); *Rovio Entertainment Ltd.*

*and Rovio Animation OY v. Best Baby and Kid Store, et al.*, No. 17-cv-4884-KPF, Dkt. 3 (S.D.N.Y. June 28, 2017); *Ideavillage Products Corp. v. chinafocus et al.*, No. 17-cv-3894-RA, Dkt. 19 (S.D.N.Y. May 24, 2017); *Moose Toys Pty LTD et al. v. Guangzhou Junwei Trading Company d/b/a Backgroundshop et al.*, No. 17-cv-2561-LAK, Dkt. 12 (S.D.N.Y. May 11, 2017); *Rovio Entertainment Ltd. and Rovio Animation OY v. Angel Baby Factory d/b/a Angelbaby_factory et al.*, No. 17-cv-1840-KPF, Dkt. 11 (S.D.N.Y. March 27, 2017); *Ontel Products Corporation v. Airbrushpainting Makeup Store a/k/a Airbrushespainting et al.*, No. 17-cv-871-KBF, Dkt. 20 (S.D.N.Y. Feb. 6, 2017) and *Ideavillage Products Corp. v. Bling Boutique Store, et al.*, No. 1:16-cv-09039-KMW, Dkt. 3 (S.D.N.Y. Dec. 8, 2016). Notably, Courts also have authorized Facebook messaging as an alternative means of service. *See, e.g. FTC v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, at *20 (ordering service by Facebook messaging); *Lipenga v. Kambalame*, No. GJH-14-3980, 2015 U.S. Dist. LEXIS 172778, at *9 (D. Md. 2015) (finding service via Facebook and email appropriate under Rule 4(f)(3). Additionally, publication on a website has been deemed appropriate service under Fed. R. Civ. P 4(f)(3). *See National Association for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 W.D.N.C. 2008) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

As aforementioned and attested to in Plaintiffs' Certificate of Service, all Defendants were served in compliance with the Court's October 17, 2017 Order on October 26, 2016. *See* Dkt. 23; *see also* Ex. A. Therefore, Moving Defendants' argument that Plaintiffs "failed to diligently keep the Court apprised of" its efforts to serve all Defendants is fallacious. *See* Dkt. 23, Santiago Dec. ¶ 10. Contrary to controlling law and the express Order of this Court, Defendants wrongly seek to impose additional burdens after service was properly effected in

accordance with this Court's October 17, 2017 Order, which was issued properly at its discretion. *See* Dkt. 23; *see also* Fed. R. Civ. P. 4(3) and *Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 115. Moving Defendants cannot earnestly dispute that service was not properly effected pursuant to this Court's directive since in addition to complying with this Court's October 17, 2017 Order, notice to Moving Defendants was of "such nature as reasonably to convey the required information" and "afforded reasonable time for [Moving Defendants] to make their appearance." *Mullane*, 339 U.S. at 314.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that Moving Defendants' Motion to Dismiss must be denied in its entirety.

Dated: November 27, 2017

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: _____
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs
WowWee Group Limited,
WowWee Canada, Inc. and
WowWee USA, Inc.*