Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc. and*
*WowWee USA, Inc.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., and WOWWEE USA, INC., *Plaintiffs* | **17-cv-7969 (RWS)** |
|---|---|
| v. | **[PROPOSED] PRELIMINARY INJUNCTION ORDER** |
| AAIWA ELECTRONIC TECHNOLOGY CO., LTD., ABCDEFGH STORE, ACESPOWER, ALLWESOME STORE, ANTHNOY'S INTERNATIONAL TRADE, A.K.A. ANTONY INTERNATIONAL TRADE, BABY LOVINY STORE, BAY KITCHENWARES STORE, BEIJING FULIO TECH AND TRADING CO., LTD. A/K/A FULIO, BOOKFONG DOUDOU STORE, BUSTRIEND STORE, HCY SCIENCE AND TECHNOLOGY LTD. A/K/A HCY BONG HIGH CLUB, CIXI CITY MAYEE ELECTRIC APPLIANCE CO., LTD., DAVIDHE STORE, DONGGUAN EREALER ELECTRONIC TECHNOLOGY CO., LTD. A/K/A EREALER INDUSTRIAL (HONGKONG) CO., LIMITED, DONGGUAN INGLEBY MECHANICAL EQUIPMENT CO., LTD , DONGGUAN MUSHANG SILICONE&PLASTIC PRODUCTS CO., LTD., DONGGUAN SEORY DECO CO., LTD. , DONGGUAN YUYANG MUSICAL INSTRUMENT CO., LTD. A/K/A MAGNA UKELELE GUITAR, E_SHOP2008 A/K/A SHEN | |

1

ZHEN, EBUY360 OUTLET STORE, ECIGMOD, EDC HAND SPIN STORE, EIFFELBRIDE, FIDGET SPINNERS STORE, FINGER_MONKEY_DHGATE, FUZHOU JOINTOP IMP. & EXP. CO., LTD. A/K/A JOINTOP, GUANGZHOU HANG SHENG TECHNOLOGY CO., LTD. , GUNTOY STORE, HEFEI SUNHOPE TRADE CO., LIMITED, HONG JING BUSINESS, HT BOUTIQUE TOY STORE, JINJIANG HUIHAO HARDWARE CO., LTD. A/K/A JINJIANG HUIHAO HARDWARE PLASTIC HANDICRAFT CO., LTD., JOA STORE, KID&LOVE STORE A/K/A KIDS & LOVE , KUAILEMENG'S TOY WORLD STORE, KYSHADOW A/K/A CRYSTAL KYSHADOW, LEADINGSTAR RC TOY STORE, LM TOY STORE, MAGIC_PARADISE, MY TOY WORLD, NANJING BABYTOP INTERNATIONAL TRADING CO., LTD., NINGBO TOPTEN INDUSTRY CO., LTD., ONLINE STORE 236134, OUTDOORCLUBS, PETREL GOO, PLEASURE SHOPPING BLOCKS TOY STORE, QINGDAO CLUNT BEARING CO., LTD., SAMANTHALEE STORE, SESAME TOY STORE, SHAANXI KEYSUN BIO-TECH CO., LTD. A/K/A KAI CHENG INDUSTRIAL CO., LIMITED, SHANGHAI RONDY TOYS CO., LTD., SHANGHAI2010, SHANTOU CHENGHAI GUANGYI MEIJIN PLASTIC TOYS FACTORY, SHENZHEN AIDAR TRADING CO., LTD., SHENZHEN ANTHOME TECHNOLOGY CO., LTD., SHENZHEN ARES TECHNOLOGY LIMITED, SHENZHEN ASPERO TECHNOLOGY CO., LTD., SHENZHEN ATOY TECHNOLOGY CO., LTD., SHENZHEN BAIYI TECHNOLOGY CO., LTD., SHENZHEN BAOLIFENG OPTO-ELEC CO., LTD., SHENZHEN BETTER NEW GIFT DESIGN DEPT. A/K/A SZ BETTER LIMITED, SHENZHEN BO XIN RONG TECHNOLOGY CO., LTD., SHENZHEN BOLT INNOVATION TECHNOLOGY CO., LTD., SHENZHEN CHUNBELL ELECTRONIC CO., LTD., SHENZHEN CITY SYART TRADE COMPANY LTD., SHENZHEN CO-FRIENDSHIP TRADING CO., LTD., SHENZHEN DST TECH CO., LTD., SHENZHEN EASYSMOKS TECHNOLOGY CO., LTD., SHENZHEN EUNION TECHNOLOGY CO., LTD., SHENZHEN FAVORITE TECHNOLOGY CO., LTD., SHENZHEN FIRE-WOLF ELECTRONICS CO., LTD., SHENZHEN FIVE STAR TRADING CO., LTD., SHENZHEN GARUDA TECHNOLOGY LIMITED A/K/A GARUDA GROUP , SHENZHEN GDC TILLWELL TECHNOLOGY LTD.,

SHENZHEN GOLD COST TECHNOLOGY CO., LTD., SHENZHEN GOOKY TECHNOLOGY CO., LTD., SHENZHEN GOWELL TECHNOLOGY CO., LTD. (G-WIRELESS), SHENZHEN HANBETER TECHNOLOGY CO., LTD. , SHENZHEN HENGFULONG TECHNOLOGY CO., LTD., SHENZHEN HI FORTUNE TECHNOLOGY CO., LTD., SHENZHEN HIPER SONG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN HLS ELECTRONIC TECHNOLOGY LIMITED, SHENZHEN HONGTAIDINGYE ELECTRONICS CO., LTD. , SHENZHEN ISM TECHNOLOGY CO., LTD., SHENZHEN IWELLGLOBAL TECHNOLOGY CO., LTD., SHENZHEN JIEDAKE TECHNOLOGY CO., LTD., SHENZHEN JIJIALASI INDUSTRIAL CO., LTD., SHENZHEN JINGXIN SCIENCE&TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN JINPIN BALANCE TECHNOLOGY CO., LTD, SHENZHEN JOYSTAR ELECTRONICS CO., LTD., SHENZHEN JUTUO SUPPLY CHAIN CO., LTD., SHENZHEN JXK TECHNOLOGY CO., LTD, SHENZHEN KAREN M ELECTRONICS CO., LTD., SHENZHEN KARISIN IMPORT&EXPORT CO., LTD., SHENZHEN KINGSWAY TECHNOLOGY CO., LTD. , SHENZHEN KISN TECHNOLOGY CO., LIMITED., SHENZHEN LANYOS INTELLIGENT TECHNOLOGY CO.,LTD, SHENZHEN LCOSE ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN LEADINGPLUS ELECTRONIC CO., LTD., SHENZHEN LEYI INDUSTRIAL CO., LTD., SHENZHEN LIPENGDA CULTURAL GIFT CO., LTD., SHENZHEN LISTING TECHNOLOGY CO., LTD., SHENZHEN LONG SHENG CENTURY TECHNOLOGY CO., LTD., SHENZHEN MYTASTE RJX HARDWARE CO., LTD, SHENZHEN NAVATA TECHNOLOGY CO., LTD., SHENZHEN NEW IMAGE TECHNOLOGY CO., LTD , SHENZHEN OREBO TECHNOLOGIES LTD., SHENZHEN ORHONG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN QIO TECHNOLOGY CO., LTD., SHENZHEN QUEST TECHNOLOGY CO., LTD., SHENZHEN SHENYUAN TECH CO., LTD., SHENZHEN SKYVIEW TECHNOLOGY LIMITED, SHENZHEN SMOFIT TECHNOLOGY CO., LTD., SHENZHEN SPDAK TECHNOLOGY COMPANY LIMITED, SHENZHEN SPRI TECHNOLOGY CO., LTD., SHENZHEN SUNFIRE TECHNOLOGY CO., LTD., SHENZHEN TECHNOLI TECHNOLOGY CO., LTD., SHENZHEN USMART ELECTRONICS TECHNOLOGY CO., LTD. , SHENZHEN VCEEGO TECHNOLOGY CO.,

LTD., SHENZHEN VFOCUS ELECTRONIC
TECHNOLOGY R&D CO., LTD., SHENZHEN V-VISION
TECHNOLOGY CO., LTD., SHENZHEN WELLCORE
TECHNOLOGY CO., LTD., SHENZHEN WOW GIFT CO.,
LTD., SHENZHEN XINGAOSHENG TECHNOLOGY CO.,
LTD., SHENZHEN XINHAOYUAN TECHNOLOGY CO.,
LTD.
SHENZHEN XZD TECHNOLOGY CO., LTD.,
SHENZHEN YUWAY TECHNOLOGY CO., LTD. ,
SHENZHEN Z-COOL TIMES TECHNOLOGY CO., LTD.,
SHENZHEN ZMART TECHNOLOGY CO., LTD.,
SHENZHEN ZOOMING ELECTRONIC CO., LTD., AIPIN
STORE, SHOP2949193 STORE, SHOP319037 STORE,
STEPHAN STORE STORE, HONG KONG SUPERFAST
TECHNOLOGY CO. LTD. A/K/A SUPERFAST,
SUPERGLOBAL, SUZHOU LN PROMO CO., LTD.,
SUZHOU SWEETDRESSES WEDDINGDRESS CO. LTD.
A/K/A SWEETDRESSES, SHENZHEN CITY POLY HUI
FOREIGN TRADE CO., LTD. A/K/A SZ_ST_LUO,
SZALONE1, TEEM TECHNOLOGY CO., LTD. A/K/A
SQUISHIES THEA STORE, TUKIIE STORE, TUMI
OFFICIAL STORE, TUMIPETLIFE STORE, XIAMEN
JIAYIKANG ENVIRONMENTAL TECHNOLOGY CO.,
LTD., XIAMEN WINDSAIL, OUTDOOR GEAR &
SPORTING GOODS CO., LTD., SHENZHEN BITIAN
TECHNOLOGY LTD., XQBOSS STORE, YIWU BRIOSTA
APPARELS FACTORY, YIWU CONA SPORTS CO., LTD.,
YIWU ECO BAOYU E-BUSINESS FIRM, YIWU GREEN
SHINE ARTS & CRAFTS CO., LTD. , YIWU GREEN
SHINE GIFTS AND TOYS CO., LTD., YIWU HUI ZHE
TRADING CO., LTD., YIWU KUOTAI TRADING CO.,
LTD., YIWU RUIMIAN E-COMMERCE TRADING FIRM,
AND ZHIMEI ONLINE A/K/A ZHIYUANWEDDING,
*Defendants*

WHEREAS, Plaintiffs WowWee Group Limited, WowWee Canada, Inc. and WowWee

USA, Inc. ("WowWee" or "Plaintiffs"), having moved *ex parte* on October 17, 2017 against

Defendants Aaiwa Electronic Technology Co.,Ltd, AbcdeFgH Store, Acespower, Allwesome

Store, Anthnoy's International Trade, a.k.a. Antony International Trade, baby loviny Store, Bay

Kitchenwares Store, Beijing Fulio Tech And Trading Co., Ltd. a/k/a Fulio, BOOKFONG

DOUDOU Store, Bustriend Store, HCY Science and Technology Ltd. a/k/a HCY bong High Club, Cixi City Mayee Electric Appliance Co., Ltd., Davidhe Store, Dongguan Erealer Electronic Technology Co., Ltd. a/k/a Erealer Industrial (Hongkong) Co., Limited, Dongguan Ingleby Mechanical Equipment Co., Ltd , Dongguan MuShang Silicone&Plastic Products Co., Ltd., Dongguan Seory Deco Co., Ltd. , Dongguan Yuyang Musical Instrument Co., Ltd. a/k/a Magna Ukelele Guitar, E_shop2008 a/k/a shen zhen, Ebuy360 Outlet Store, ecigmod, EDC Hand Spin Store, Eiffelbride, Fidget Spinners Store, Finger_monkey_dhgate, Fuzhou Jointop Imp. & Exp. Co., Ltd. a/k/a Jointop, Guangzhou Hang Sheng Technology Co., Ltd. , Guntoy Store, Hefei Sunhope Trade Co., Limited, Hong Jing Business, HT Boutique Toy Store, Jinjiang Huihao Hardware Co., Ltd. a/k/a Jinjiang Huihao Hardware Plastic Handicraft Co., Ltd., Joa Store, kid&Love Store a/k/a Kids & Love , KUAILEMENG'S TOY WORLD Store, kyshadow a/k/a Crystal Kyshadow, LeadingStar RC Toy Store, LM TOY Store, Magic_paradise, My toy world, Nanjing Babytop International Trading Co., Ltd., Ningbo Topten Industry Co., Ltd., Online Store 236134, outdoorclubs, Petrel Goo, pleasure shopping blocks toy Store, Qingdao Clunt Bearing Co., Ltd., SamanthaLee Store, Sesame TOY Store, Shaanxi Keysun Bio-Tech Co., Ltd. a/k/a Kai Cheng Industrial Co., Limited, Shanghai Rondy Toys Co., Ltd., shanghai2010, Shantou Chenghai Guangyi Meijin Plastic Toys Factory, Shenzhen Aidar Trading Co., Ltd., Shenzhen Anthome Technology Co., Ltd., Shenzhen Ares Technology Limited, Shenzhen Aspero Technology Co., Ltd., Shenzhen ATOY Technology Co., Ltd., Shenzhen BAIYI Technology Co., Ltd., Shenzhen Baolifeng Opto-Elec Co., Ltd., Shenzhen Better New Gift Design Dept. a/k/a SZ Better Limited, Shenzhen Bo Xin Rong Technology Co., Ltd., Shenzhen Bolt Innovation Technology Co., Ltd., Shenzhen Chunbell Electronic Co., Ltd., Shenzhen City Syart Trade Company Ltd., Shenzhen Co-Friendship Trading Co., Ltd., Shenzhen Dst Tech Co., Ltd., Shenzhen Easysmoks Technology Co.,

Ltd., Shenzhen Eunion Technology Co., Ltd., Shenzhen Favorite Technology Co., Ltd., Shenzhen Fire-Wolf Electronics Co., Ltd., Shenzhen Five Star Trading Co., Ltd., Shenzhen Garuda Technology Limited a/k/a Garuda Group , Shenzhen GDC Tillwell Technology Ltd., Shenzhen Gold Cost Technology Co., Ltd., Shenzhen Gooky Technology Co., Ltd., Shenzhen Gowell Technology Co., Ltd. (G-Wireless), Shenzhen Hanbeter Technology Co., Ltd. , Shenzhen Hengfulong Technology Co., Ltd., Shenzhen Hi Fortune Technology Co., Ltd., Shenzhen Hiper Song Electronic Technology Co., Ltd., Shenzhen HLS Electronic Technology Limited, Shenzhen Hongtaidingye Electronics Co., Ltd. , Shenzhen ISM Technology Co., Ltd., Shenzhen Iwellglobal Technology Co., Ltd., Shenzhen Jiedake Technology Co., Ltd., Shenzhen Jijialasi Industrial Co., Ltd., Shenzhen Jingxin Science&Technology Development Co., Ltd., Shenzhen Jinpin Balance Technology Co., Ltd, Shenzhen Joystar Electronics Co., Ltd., Shenzhen Jutuo Supply Chain Co., Ltd., Shenzhen JXK Technology Co., Ltd, Shenzhen Karen M Electronics Co., Ltd., Shenzhen KaRiSin Import&Export Co., Ltd., Shenzhen Kingsway Technology Co., Ltd. , Shenzhen KISN Technology Co., Limited., Shenzhen Lanyos Intelligent Technology Co.,Ltd, Shenzhen Lcose Electronic Technology Co., Ltd., Shenzhen Leadingplus Electronic Co., Ltd., Shenzhen Leyi Industrial Co., Ltd., Shenzhen Lipengda Cultural Gift Co., Ltd., Shenzhen Listing Technology Co., Ltd., Shenzhen Long Sheng Century Technology Co., Ltd., Shenzhen Mytaste RJX Hardware Co., Ltd, Shenzhen Navata Technology Co., Ltd., Shenzhen New Image Technology Co., Ltd , Shenzhen Orebo Technologies Ltd., ShenZhen OrHong Electronic Technology Co., Ltd., Shenzhen Qio Technology Co., Ltd., Shenzhen Quest Technology Co., Ltd., Shenzhen Shenyuan Tech Co., Ltd., Shenzhen Skyview Technology Limited, Shenzhen Smofit Technology Co., Ltd., Shenzhen Spdak Technology Company Limited, Shenzhen Spri Technology Co., Ltd., Shenzhen Sunfire Technology Co., Ltd., Shenzhen Technoli Technology Co., Ltd., Shenzhen Usmart

Electronics Technology Co., Ltd. , Shenzhen VCEEGO Technology Co., Ltd., Shenzhen Vfocus Electronic Technology R&d Co., Ltd., Shenzhen V-Vision Technology Co., Ltd., Shenzhen Wellcore Technology Co., Ltd., Shenzhen Wow Gift Co., Ltd., Shenzhen Xingaosheng Technology Co., Ltd., Shenzhen Xinhaoyuan Technology Co., Ltd., Shenzhen XZD Technology Co., Ltd., Shenzhen Yuway Technology Co., Ltd. , Shenzhen Z-Cool Times Technology Co., Ltd., Shenzhen Zmart Technology Co., Ltd., Shenzhen Zooming Electronic Co., Ltd., AIPIN Store, Shop2949193 Store, Shop319037 Store, Stephan Store Store, Hong Kong Superfast Technology Co. Ltd. a/k/a Superfast, Superglobal, Suzhou Ln Promo Co., Ltd., Suzhou sweetdresses Weddingdress Co. Ltd. a/k/a sweetdresses, Shenzhen City Poly Hui Foreign Trade Co., Ltd. a/k/a Sz_st_luo, Szalone1, Teem Technology Co., Ltd. a/k/a Squishies Thea Store, TuKIIE Store, TUMI Official Store, TUMIpetlife Store, Xiamen Jiayikang Environmental Technology Co., Ltd., Xiamen Windsail, Outdoor Gear & Sporting Goods Co., Ltd., Shenzhen Bitian Technology Ltd., XQboss Store, Yiwu Briosta Apparels Factory, Yiwu Cona Sports Co., Ltd., Yiwu Eco Baoyu E-Business Firm, Yiwu Green Shine Arts & Crafts Co., Ltd. , Yiwu Green Shine Gifts And Toys Co., Ltd., Yiwu Hui Zhe Trading Co., Ltd., Yiwu Kuotai Trading Co., Ltd., Yiwu Ruimian E-Commerce Trading Firm and Zhimei Online a/k/a Zhiyuanwedding (hereinafter collectively referred to as "Defendants" or individually as "Defendant") for an order to seal file, a temporary restraining order, an order to show cause why a preliminary injunction should not issue, an asset restraining order, an order authorizing alternative service by electronic mail and an order authorizing expedited discovery ("Application") in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products (as defined *infra*);

WHEREAS, the Court entered an Order on October 17, 2017 (the "10/17/17 Order") granting Plaintiffs' Application; and

WHEREAS, on October 26, 2017, pursuant to the terms of the 10/17/17 Order, Defendants were served with copies of the 10/17/17 Order together with the Summons and Complaint and all papers filed in support of Plaintiffs' Application seeking the 10/17/17 Order.

THE COURT FINDS THE FOLLOWING:

A. WowWee is a leading designer, developer, marketer and distributor of innovative robotic toys and consumer entertainment products ("WowWee Products"). One of WowWee's most popular and successful products is its Fingerlings toys, which are hand-held robotic toys that react to sound, motion and touch and are designed to look like, for example, monkeys, unicorns and sloths ("Fingerlings Product(s)");

B. WowWee owns U.S. Copyright Reg. VAU 1-289-245, covering the Fingerlings Monkey; U.S. Copyright Reg. VA 2-068-259, covering the Fingerlings' Monkey Packaging; U.S. Copyright Reg. VA 2-068-835, covering the Fingerlings Unicorn and U.S. Copyright Reg. VA 2-070-721, covering the Fingerlings Sloth (collectively, the "Fingerings Works").

C. WowWee owns the following U.S. Trademarks: U.S. Trademark Registration No. 3,289,747 for "WOW WEE" work mark for a variety of goods in Class 9 and Class 28 ("WowWee Word Mark"); and U.S. Trademark Registration No. 4,505,483 for "WOW WEE" logo mark for a variety of goods in Class 9 and Class 28 ("WowWee Logo Mark") (hereinafter collectively referred to as the "WowWee Marks");

D. Additionally, WowWee applied for registration of the word mark "FINGERLING" for a variety of toy products in Class 28 (the "Fingerlings Word Mark"), which issued on October 31, 2017 as U.S. Trademark Registration No. 5,325,724 for "FINGERLINGS" for a variety of goods in Class 28 ("Fingerlings Mark") (hereinafter, the WowWee Marks and Fingerlings Word Mark collectively are referred to as the "Fingerlings Marks");

E. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling infringing and/or counterfeit products bearing and/or using WowWee's Fingerlings Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of WowWee's Fingerlings Marks and/or displaying and/or incorporating WowWee's Fingerlings Works and/or works that are substantially similar to, identical to and constitute infringement of WowWee's Fingerlings Works ("Counterfeit Products" or "Infringing Products") through Defendants' User Accounts and/or online storefronts on Third Party Service Provider marketplace platforms including, without limitation, Alibaba.com, AliExpress.com, and/or DHgate.com.

F. Defendants are not, nor have they ever been, authorized distributors or licensees of the Fingerlings Products. Neither WowWee nor any of WowWee's authorized agents have consented to Defendants' use of the Fingerlings Marks and/or Fingerlings Works, nor has WowWee consented to Defendants' use of any identical or confusingly similar marks or artwork;

G. WowWee is likely to prevail on its Lanham Act claims, copyright infringement claims and related state law claims at trial;

H. As a result of Defendants' infringements, WowWee is likely to suffer an immediate and irreparable injury if a preliminary injunction order is not granted;

I. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is not issued is far outweighed by the potential harm to WowWee, its business and the goodwill and reputation built up in and associated with the Fingerlings Marks and Fingerlings Works if a preliminary injunction order is not issued;

J.      The public interest favors issuance of the preliminary injunction order in order to protect WowWee's interests in and to its Fingerlings Marks and Fingerlings Works, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Fingerlings Products;

K.      Defendants were served with copies of the 10/17/17 Order, together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking the 10/17/17 Order pursuant to the terms of the 10/17/17 Order on October 26, 2017;

L.      On November 13, 2017, Defendant Ebuy360 Outlet Store, Defendant Shenzhen Bolt Innovation Technology Co., Ltd., Defendant Shenzhen Listing Technology Co., Ltd., Defendant Shop2949193 Store, Defendant Bustriend Store, Defendant TUMI Official Store, Defendant TUMIpetlife and Defendant Anthony's International Trade (collectively, "Moving Defendants") filed a Cross Motion to Dismiss Plaintiffs' Complaint and Order to Show Cause Pursuant to F.R.C.P. 12(b)(5) and Opposition to Plaintiffs' Order to Show Cause. On November 14, 2017, Defendant Aawia Electronic Technology Co., Ltd. requested permission to join other Moving Defendants in their Cross Motion to Dismiss Plaintiffs' Complaint and Order to Show Cause and Opposition to Plaintiffs' Order to Show Cause.

M.      On November 14, 2017, Plaintiffs filed a reply brief in support of their Application. The Court also granted Plaintiffs' request for an extension of time to oppose Moving Defendants' dispositive motion to dismiss pursuant to F.R.C.P. 12(b)(5) and set an oral argument on the Motion to Dismiss for December 13, 2017.

N.      On November 15, 2017, Plaintiffs and Moving Defendants appeared before the Court at which time the Court again adjourned the Order to Show Cause Hearing and extended the Temporary Restraining Order until December 13, 2017.

O.      On November 27, 2017, Plaintiffs filed Opposition to Moving Defendants' Motion to Dismiss.

P.      On November 30, 2017, counsel for Moving Defendants filed an Order to Show Cause requesting Leave to Withdraw as Counsel for Moving Defendants.

Q.      Plaintiffs and counsel for Moving Defendants appeared before the Court on December 13, 2017. Counsel for Moving Defendants requested leave to withdraw as counsel for Moving Defendants, to which Plaintiffs did not oppose.

R.      To date, no other Defendants have filed a response in opposition to WowWee's request for entry of a preliminary injunction or have otherwise formally appeared in this case; and

S.      Accordingly, this Court, having determined that it has subject matter jurisdiction over the claims and personal jurisdiction over Defendants, finds that entry of a preliminary injunction order is necessary and appropriate.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  The injunctive relief previously granted in the 10/17/17 Order should remain in place through the pendency of this litigation, and issuing this preliminary injunction order (hereinafter, "PI Order") is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act. Accordingly, Defendants, their respective officers, employees, agents and servants, and all persons in active concert or under direction of Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order, including, without limitation, (1) banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba Group d/b/a Alibaba.com and Aliexpress.com ("Alibaba") and Dunhuang Group d/b/a DHgate.com ("DHgate") payment services (*e.g.*, Alipay.com Co., Ltd., Ant

11

Financial Services Group or DHpay.com), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants ("Financial Institutions"); and (2) online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Alibaba and DHgate, such as Alibaba.com, AliExpress.com and DHgate.com, as well as those platforms and/or entities identified as a result of the expedited discovery order in the 10/17/17 Order ("Third Party Service Providers") (hereinafter collectively referred to as the "Restrained Persons"), are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

a)  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Fingerlings Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Fingerlings Marks and/or incorporating the Fingerlings Works and/or artwork that is substantially similar to, identical to and constitute an infringement of the Fingerlings Works;

b)  directly or indirectly infringing in any manner any of WowWee's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks and Fingerlings Works;

c)  using any reproduction, counterfeit, copy or colorable imitation of WowWee's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks and Fingerlings Works, to identify any goods or services not authorized by WowWee;

d) using any of WowWee's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks and Fingerlings Works or any other marks or artwork that are confusingly or substantially similar to the Fingerlings Marks and Fingerlings Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

e) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with WowWee, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by WowWee;

f) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. any and all websites and/or Defendants' Online Accounts (as defined *infra*), which include, without limitation, the User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products,

including Counterfeit Products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them including, without limitation, those owned and operated, directly or indirectly, by the Third Party Service Providers and the Financial Institutions ("Defendants' Online Accounts");

   ii.   Defendants' Assets (as defined *infra*); and

  iii.   the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

g) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) (hereinafter collectively referred to as "Defendants' Assets") from or to accounts associated with or utilized by any Defendant or any Defendant's Online Accounts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court;

h) providing services to Defendants and Defendants' Online Accounts, with respect to the Counterfeit Products, including, without limitation, continued operation of Defendants' Online Accounts;

i) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purpose of circumventing or otherwise

avoiding the prohibitions set forth in this PI Order; and

j) knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs (a) through (i) above.

2. As sufficient cause has been shown, the asset restraint granted in the 10/17/17 Order should remain in place through the pendency of this litigation, including that:

a) within five (5) days of receipt of notice of this PI Order, all Financial Institutions and Third Party Service Providers, including those identified in **Schedule A** to the 10/17/17 Order as well as those identified as a result of the expedited discovery ordered in the 10/17/17 Order and ordered herein, who receive actual notice of this Order, shall locate and attach Defendants Financial Accounts, and shall provide written confirmation of such attachment to WowWee's counsel; and

b) within five (5) days of receipt of notice of this PI Order all Financial Institutions and Third Party Service Providers, including those identified in **Schedule A** to the 10/17/17 Order as well as those identified as a result of the expedited discovery ordered in the 10/17/17 Order and ordered herein, who receive actual notice of this PI Order, shall identify any and all of Defendants' Financial Accounts, and provide WowWee's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the 10/17/17 Order should remain in place through the pendency of this litigation, including

that:

a) within fourteen (14) says after receiving notice of this PI Order, each Defendant, or other person served, shall serve upon WowWee or WowWee's counsel a written report under oath, providing:

   i. their true name and physical address;

   ii. the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts on any Third Party Service Provider platform that Defendants own and/or operate;

   iii. the complete sales records for any and all sales of Counterfeit Products, including number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   iv. the account details for any and all of Defendants' Financial Accounts, including the account numbers and current account balances; and

   v. the steps taken by each Defendant, or other person served to comply with Section 1 above.

b) WowWee may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this PI Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to WowWee or WowWee's counsel.

c) WowWee may serve requests pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this PI Order, shall produce all documents responsive to such requests within fourteen (14) days of service to WowWee or WowWee's counsel.

d) Within fourteen (14) days after receiving notice of this PI Order, all Financial Institutions who receive actual notice of this PI Order, shall provide WowWee or WowWee's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including but not limited to documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial; Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi. any and all wire transfers into each and every of Defendants' Financial Accounts

during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

e) Within fourteen (14) days of receiving actual notice of this PI Order, all Third Party Service Providers who receive actual notice of this PI Order shall provide to WowWee or WowWee's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any of Defendants' User Accounts, including, but not limited to, documents and records relating to:

   i.   any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain with the respective Third Party Service Provider;

   ii.  the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and attorneys, and all person in active concert or participation with any of them;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts; and

   iv.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Infringing

Products, or any other products bearing the Fingerlings Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Fingerlings Marks and/or incorporating the Fingerlings Works and/or artwork that is substantially similar to, identical to and constitute an infringement of the Fingerlings Works.

4. As sufficient cause has been shown, and Pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

   a) delivery of (i) a PDF copy of this PI Order, or (ii) a link to a secure website where each Defendant will be able to download a PDF copy of this PI Order, to Defendants' e-mail addresses, as identified in Schedule A to the 10/17/17 Order or as may be otherwise determined; or

   b) delivery of a message to Defendants through the same means that WowWee's agents have previously communicated with Defendants, namely the systems for communications established by the Third Party Service Providers on their respective platforms, (i) attaching a PDF copy of this PI Order, or (ii) providing a link to a secure website where each Defendant will be able to download a PDF copy of this PI Order.

5. As sufficient cause has been shown, service of this PI Order shall be made on and deemed effective as to PayPal, if it is completed by the following means:

   a) delivery of (i) a PDF copy of this PI Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this PI Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com.

6. As sufficient cause has been shown, service of this PI Order shall be made on and deemed

effective as to Alipay.com Co., Ltd. and/or Ant Financial Services Group (collectively, "Alipay"), if it is completed by the following means:

a)  delivery of (i) a PDF copy of this PI Order, or (ii) a link to a secure website where Alipay will be able to download a PDF copy of this PI Order via electronic mail to Mr. Benjamin Bai, Vice President and Chief IP Counsel of Ant Financial Services Group at banjamin.bai@alipay.com and/or Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com.

7.  As sufficient cause has been shown, service of this PI Order shall be made on and deemed effective as to Alibaba, if it is completed by the following means:

a)  delivery of (i) a PDF copy of this PI Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this PI Order via electronic mail to Ms. Jacqueline Ko, Legal Counsel, Alibaba Group at jacqueline.ko@alibaba-inc.com.

8.  As sufficient cause has been shown, service of this PI Order shall be made on and deemed effective as to DHgate, including DHpay.com, if it is completed by the following means:

a)  delivery of (i) a PDF copy of this PI Order, or (ii) a link to a secure website where DHgate will be able to download a PDF copy of this PI Order via electronic mail to counsel for DHgate at sluck@fishkinlucks.com and zkuperman@fishkinlucks.com.

9.  Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this PI Order and any act by them or anyone of them in violation of this PI Order may be considered and prosecuted as in contempt of this Court.

10. The $15,000.00 bond posted by WowWee shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

11. This PI Order shall remain in effect during the pendency of this action, or until further order of the Court.

12. Any Defendants that are subject to this PI Order may appear and move to dissolve or modify the PI Order on two (2) days' notice to WowWee or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _14_ day of _December_ 2017, at _11 20_ __.m.

_____
HON. ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

21